UNITED STATES v. RIGA.

(Circuit Court, D. Massachusetts. June 11, 1909.)

No. 537 (2,040).

CUSTOMS DUTIES (§ 26*)—CLASSIFICATION—"PARTS OF RIFLES"—ROUGH-BORED RIFLE BARRELS—FITNESS FOR USE.

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 157, 30 Stat. 164 (U. S. Comp. St. 1901, p. 1642), for "parts of rifles," is not limited to such as are in a finished condition, but embraces also parts, such as rough-bored rifle barrels, that have been advanced to a condition unfitting them for any other use than in connection with rifles.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 26.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

In the decision below the Board of General Appraisers reversed the assessment of duty by the collector of customs at the port of Boston. The Board's opinion reads as follows:

FISCHER, General Appraiser. The merchandise consists of forged rifle barrels, rough-bored. Duty was assessed on the importation at the rate of 45 per cent. ad valorem under Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 193, 30 Stat. 167 (U. S. Comp. St. 1901, p. 1645), as manufactures of metal, and the only claim raised by the protest is that the articles are properly dutiable under the provision in paragraph 157 for "rifles and parts thereof."

These rough-bored barrels are manufactured articles in a crude form, and it is conceded that they must be rifled, polished, and colored before they assume that state in which they are fit for practical use. In a brief submitted to us the counsel for the government refers to G. A. 6,312 (T. D. 27,207), and on that ruling asks this Board to hold that the provision in paragraph 157 for "rifles and parts thereof" includes only such parts of rifles as are in a finished condition when imported, complete and ready for adjustment. We are of the opinion that the provision of the tariff referred to should not be narrowed to the extent indicated by counsel. We believe, when the article as imported affords evidence as to the use to which it is to be applied and has reached a form and stage wherein it is fit for no other useful purpose than as a part of a rifle, that

---

then, for tariff purposes, it may safely be regarded as within the provision for parts of rifles. It is unreasonable to assume that only finished parts are within the terms of paragraph 157.

A rough-bored barrel, when approaching nearly the finished condition, affords sufficient evidence as to its special adaptation for use as a rifle barrel, and would appear to us to be entitled to be so considered. Worthington v. Robbins, 139 U. S. 337, 11 Sup. Ct. 581, 35 L. Ed. 181; Magone v. Wiederer, 159 U. ,S. 555, 16 Sup. Ct. 122, 40 L. Ed. 258.

The cases cited appear to support the view here taken. In the Worthington Case, supra, the court said:

"It appears, further, that the form or condition of the merchandise as imported affords no evidence or indication of the use to which it is to be applied; that in the form or condition as imported it cannot be used for any of the purposes mentioned, nor for any purposes whatever of practical use to which it is adapted or ever applied. * * * In order to produce uniformity in the imposition of duties, the dutiable classification of articles must be ascertained by an examination of the imported article itself in the condition in which it is imported. In order to be dutiable as 'watch materials,' the article, when imported, must be in such form of manufacture as to show its adaptation to the making of watches."

In the case at bar the imported article upon mere inspection is found to be nothing other than a rifle barrel, made solely for use as a part of a rifle and absolutely suitable for no other purpose. The act that the barrels are not wholly finished we do not consider important, for otherwise an importer could change classification by merely omitting to put the final touch upon an article, thus rendering it impossible to assemble the parts in their imported state. In Magone v. Wiederer, supra, the Supreme Court affirmed a judgment of the lower court wherein the trial judge charged the jury as follows:

"And so I will say to you, as the law of the case as I understand it, that, if you find that these articles were chiefly used as parts of clocks, that would determine their tariff classification."

In G. A. 4,693 (T. D. 22,143), unpainted pieces of wood, sawed and shaped into the form of necks for violins, and sold and adapted for use as violin necks, were held dutiable as parts of musical instruments. In G. A. 5,847 (T. D. 25,766), granadilla wood, manufactured to such a degree as to fit it solely for use in the construction of clarinets, was held dutiable under the same provision of the tariff. It also appears that at the port of New York the customs practice has been to assess duty on articles of this description at the rate as claimed under the provision for "parts of rifles."

We hold that the goods here in question are entitled to classification under paragraph 157. The protest is sustained, and the decision of the collector modified accordingly.

William H. Garland, Asst. U. S. Atty.

Searle & Pillsbury (Charles P. Searle, of counsel), for importer.

LOWELL, Circuit Judge. The decision of the Board of General Appraisers is affirmed, for the reasons stated by the Board in its opinion.