RICHARD & Co. *et al. v.* UNITED STATES (No. 1200).[1]

PARTS OF VIOLINS.

These violin finger boards, necks, pegs, and bridges of wood have each been given such form and shape that not only has its utility for any other purpose been destroyed but each article bears evidence of the use to which it is to be devoted and its adaptation to that use. They were dutiable, as assessed, as parts of musical instruments under paragraph 467, tariff act of 1909.—United States *v.* Lyon & Healy (4 Ct. Cust. Appls., 438; T. D. 33873, *supra.*)

United States Court of Customs Appeals, November 11, 1913.

APPEAL from Board of United States General Appraisers, G. A. 7459 (T. D. 33405).

[Affirmed.]

*Comstock & Washburn* (*Henry J. Rode* of counsel) for the appellants.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *Frank L. Lawrence,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

This case relates to violin finger boards, violin necks, violin pegs, and violin bridges of wood, all of which were assessed by the collector and, on appeal, held by the Board of General Appraisers, to be dutiable as parts of musical instruments at 45 per cent ad valorem under paragraph 467 of the tariff act of 1909, of which we quote the material part:

467. Musical instruments or parts thereof, * * * forty-five per centum ad valorem.

It is stated by the board in its decision that " each of these articles was specially prepared for use in the construction of the musical instrument indicated by its respective description," and that " some alteration has to be made in each of such articles before it can be practically applied in the construction of an instrument."

We do not understand that the correctness of this finding is denied by either party.

The importers, however, urge that these articles are not parts of musical instruments within the meaning of the paragraph, but are unfinished parts; are in fact materials which have to be subjected to a further substantial process of labor before they are adapted for use.

_____

[1] Reported in T. D. 33883 (25 Treas. Dec., 463).

We understand that the evidence establishes as to each of these articles that, owing to the various sizes of violins, these parts have been finished and perfected as far as practicable until it is known what in substance are to be its companion parts to constitute the finished violin. When this is determined more or less alterations in the parts under consideration must be made before the violin is finished, but each one of them has already assumed such a form and shape that not only has its utility for any other use been destroyed but each article in itself bears unmistakable evidence of the purpose to which it is devoted and its adaptation therefor.

We think this condition of these articles renders them dutiable as assessed. Magone *v*. Wiederer (159 U. S., 555); United States *v*. Riga (171 Fed., 783); Athenia Steel & Wire Co. *v*. United States (1 Ct. Cust. Appls., 494; T. D. 31528).

A more complete discussion of the principles involved in the issue here will be found in the case of United States *v*. Lyon & Healy, this day here decided.

The question made as to the irregularity in the petition for review is identical with that in Meyer & Lange *et al. v*. United States (4 Ct. Cust. Appls., 422; T. D. 33855), and is disposed of in the same manner.

The judgment of the Board of General Appraisers is *affirmed*.