(C. D. 460)

M. A. HOENECKE *v.* UNITED STATES

United States Customs Court, Second Division

(Decided April 4, 1941)

*G. W. R. Wallace; Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of Minneapolis, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation invoiced as "Rolled Steel Beater Bars for Agricultural Thresher Parts." Duty was levied thereon at the rate of 20 per centum ad valorem under paragraph 304 of the Tariff Act of 1930, as modified by the Swedish Trade Agreement promulgated in T. D. 47785, as steel bars valued above 2½ and not above 8 cents per pound. It is claimed that said merchandise is entitled to free entry under paragraph 1604 of said act as parts of agricultural implements.

At the hearing, held at Minneapolis on June 26, 1940, before Keefe, Judge, a portion of one of the steel bars was admitted in evidence as exhibit 1, and the following colloquy took place:

Mr. SCHWARTZ. * * *

It is agreed between counsel that the merchandise consists of steel rasp bars imported in 12-feet lengths, and was assessed with duty as steel bars valued above 2½ cents and not above 3½ cents per pound at the rate of 20 per centum ad valorem under paragraph 304 of the Tariff Act of 1930, as modified by the Swedish Trade Agreement, T. D. 47785; that the imported bars cannot be used in the lengths in which imported; that after importation they are cut into 4-feet lengths and welded to a base plate and in turn bolted to five cylinder heads and used, without further change, as rasp bars, in combination harvesting and threshing machines, which are agricultural implements; that the said use has been since prior to June 17, 1930, the only use of the imported bars; and that the imported bars are designed, dedicated and adapted to such use. Does the Government agree with that portion of the stipulation, which has been read?

Mr. WELSH. The Government so agrees upon the advice and with the consent of Appraiser Mayo, who is now present and within hearing of my voice.

Counsel for the plaintiff then offered in evidence a pamphlet entitled "The Harvester-69," and it was agreed by and between counsel that page 2 thereof illustrates the manner in which the said imported rasp bars are used after being cut to 4-foot lengths, which pamphlet was admitted in evidence as illustrative exhibit A, and the case was then submitted on the above agreed statement of facts.

195

Upon this record counsel for the plaintiff in their brief filed herein contend that the imported steel bars are parts of agricultural implements within the meaning of said paragraph 1604, citing in support of such contention the cases of *Waltham Watch Co.* v. *United States*, 25 C. C. P. A. 330, T. D. 49425; *United States* v. *Riga*, 171 Fed. 783; *United States* v. *Lyon & Healy*, 4 Ct. Cust. Appls. 438, T. D. 38873; and *Richard & Co. et al.* v. *United States*, 4 Ct. Cust. Appls. 470, T. D. 33883.

We have carefully examined all of these cases and are satisfied that none of them applies to the herein established facts. In all of the cited cases the merchandise at the time of importation consisted of articles, each of which had already assumed such a form and shape that not only its utility for any other purpose had been destroyed, but each article in itself bore unmistakable evidence of the use for which it was designed and its adaptation therefor. In other words, the merchandise in each of the cited cases had lost its identity as mere material.

As pointed out by Government counsel in his brief filed herein, in the case of *United States* v. *Harding Co.*, 21 C. C. P. A. 307, T. D. 46830, the appellate court had before it certain so-called brake linings made of asbestos yarn and wire imported in lengths varying from 200 to 1,200 feet, and claimed by the importers to be in lengths of 100 feet of various widths and thicknesses. Duty was levied thereon at the rate of 40 per centum ad valorem under paragraph 1501 (a) of the Tariff Act of 1930 as manufactures of asbestos. It was claimed to be properly dutiable at the rate of 25 per centum ad valorem under paragraph 369 (c) of said act as parts of automobiles, finished or unfinished. In overruling said claim and sustaining the classification of the collector the appellate court, after reviewing the authorities, said:

In our opinion, the imported merchandise is not parts, finished or unfinished, of automobiles, but a mere material, "commercially capable" of various uses. But, even if it could be said to be dedicated to the exclusive use of making brake linings for automobiles, it would be, nevertheless, a mere material for such use, just as silk cloth in the piece, designed to be used as linings for clothing, is a mere material out of which such linings are to be cut.

In the more recent case of *Harding Co. et al.* v. *United States*, 23 C. C. P. A. 250, T. D. 48109, the appellate court, having before it similar merchandise and the same issue, said:

As long as the merchandise is not cut before importation or is not marked when imported so that nothing remains to be done to make it an automobile brake lining except to cut it into pieces of predetermined length, we regard it as wholly immaterial that the cutting of the roll is delayed until it is fixed to and riveted upon the brake shoe. In the condition as imported, the long roll of brake-lining material has in no manner been dedicated to the making of any particular brake lining. To be a part of an automobile, that is a brake lining, it must be more than mere material for making a brake lining.

&ast; &ast;. &ast; &ast; &ast; &ast; &ast;

Running through most of the decisions pertinent to the inquiry here, it is made clear that before imported merchandise shall be regarded as parts of an article *the identity of the individual article must be fixed with certainty.* This is not true in the case at bar, and we hold as we held in the former *Harding* case that the imported merchandise is material for making automobile brake linings and is not parts of automobiles.

In the instant case the steel bars are not cut into 4-foot lengths until after importation, and have as imported neither the form nor the shape of parts of agricultural implements, but are simply material out of which, after importation, such parts are made.

Inasmuch as we are satisfied that the two last-cited cases are here controlling, we follow said decisions and hold the steel bars in question to be properly dutiable under said paragraph 304 as classified by the collector. All claims of the plaintiff must be and hereby are overruled, and judgment will be rendered accordingly.