(C. D. 492)

WILLIAM M. BARBER ET AL. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided May 8, 1941)

Brief for plaintiff by *Richard H. Lee.*

*Charles D. Lawrence,* Acting Assistant Attorney General (*Francis X. O'Donnell,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: These are suits against the United States, arising at the port of Boston, brought to recover certain customs duties alleged to have been improperly exacted upon particular importations of motorboats imported minus their motors. Duty was levied thereon at the rate of 30 per centum ad valorem under paragraph 370 of the Tariff Act of 1930 as parts of motorboats. It is claimed that said articles are properly dutiable at but 15 per centum ad valorem under the following provision in the trade agreement with Canada, promulgated in T. D. 49752, 74 Treas. Dec. 235, amending said paragraph:

370. Motorboats, including yachts or pleasure boats, whether sail, steam, or motor propelled, valued at not more than $15,000 each. 15% ad val.

In addition, in the case of protest 29849–K, the importer challenges the action of the customs authorities in adding to the appraised value of the merchandise a Nova Scotia sales tax of 8 per centum.

At the hearing, held at Boston on November 26, 1940, before Brown, Judge, these three cases were consolidated by agreement, and each of the three plaintiffs testified in his own behalf that he had imported a complete motorboat minus only the motor, which latter, of American make, was subsequently purchased and installed here because it was deemed to be superior to foreign motors. In this connection we quote from the testimony as follows:

. By Judge Brown.

Q. It had as I understand, no engine?—A. That is right.

Q. Otherwise it was a complete motor boat?—A. Complete even to the extent of having all the installations for the motor.

Q. All the connections and everything?—A. In building the hull, engine bed, stuffing box for the engine and rudder post as well as rudder stuffing box were installed in Nova Scotia.

Q. So that all it would need was the installation of the engine to be complete?— A. Yes, Your Honor.

Q. The engine proper?—A. Yes, Your Honor.

The witness, William M. Barber, testified that said Nova Scotia sales tax was not imposed on articles exported from Nova Scotia and that he was not required by the Nova Scotia authorities to pay such sales tax and as matter of fact did not pay it.

It also appears from the testimony that the plaintiffs herein, before purchasing the incomplete motorboats in question, had inquired of the customs authorities at Boston concerning the classification thereof, and were informed that in the opinion of said officials that the imported merchandise would be entitled to the 15 per centum ad valorem reduction provided for in said trade agreement.

In regard to the claim involving the 8 per centum Nova Scotia sales tax alleged in the case of protest 29849–K, it is plainly evident that this court, sitting as a classification court, has no jurisdiction to pass upon the question. The proper remedy in the premises would be an appeal to reappraisement; but unfortunately the time within which such an appeal might have been filed has expired. *Allen Forwarding Co.* v. *United States*, T. D. 44280, 58 Treas. Dec. 328.

In regard to the principal claim of each of these three plaintiffs, to wit, that he is entitled to the 15 per centum ad valorem reduction granted by said trade agreement with Canada, counsel for the Government in his brief filed herein cites the case of *David B. Roberts* v. *United States*, T. D. 43170, 55 Treas. Dec. 155, wherein the meaning of the term "motorboat" was discussed at length, and the decision in which case was affirmed by the United States Court of Customs and Patent Appeals in *David B. Roberts* v. *United States*, 17 C. C. P. A.

215, T. D. 43653. It is to be noted, however, that the latter decision was rendered on October 28, 1929.

Moreover, in our opinion the said decision has no application to a state of facts like that here present, for the reason that the distinction between a part of a motorboat and an unfinished or incomplete motorboat was not raised.

In the recent case of *Waltham Watch Co.* v. *United States*, T. D. 48949, 71 Treas. Dec. 716, decided April 23, 1937, this court had before it certain round metal disks perforated with 28 holes of different sizes and having 10 so-called pin-pricks destined for further processing, such disks being intended ultimately to be used as pillar or bottom plates for watch movements. Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for; and it was claimed by the importers that said articles were properly dutiable at one-half the duty which would be imposed upon the complete watch movements for which the imported articles were suitable for use as pillar or bottom plates or their equivalent under paragraph 367 (c) (2) of said tariff act.

In that case this court held that inasmuch as there is no provision in said paragraph 367 or elsewhere in the Tariff Act for unfinished pillar or bottom plates, or for parts of pillar or bottom plates, the disks in question must be relegated for tariff classification to the general provision in paragraph 397 of said act for manufactures of metal not specially provided for. Among other things we said:

It is well established in customs law that imported merchandise is dutiable according to the condition in which it is imported and not according to what it may be made into after importation. *United States* v. *International Forwarding Co.* 15 Ct. Cust. Appls. 198, T. D. 42235.

Moreover, the case of *United States* v. *Berger & Co.*, 13 Ct. Cust. Appls. 362, T. D. 41258, is in our opinion completely decisive of the present issue.

\* \* \* \* \* \* \*

The doctrine laid down in that case, namely, that when the Congress intends to include unfinished articles under an *eo nomine* provision for the complete articles, it expressly says so, is illustrated throughout the Tariff Act of 1930. For example, paragraph 328 covers "all other finished or unfinished iron or steel tubes"; paragraph 329 "chains of iron or steel \* \* \* and parts thereof, finished or unfinished"; \* \* \*

\* \* \* \* \* \* \*

We regard it as very significant that in paragraph 367, now under consideration, the Congress provided for only one class of unfinished articles, to wit, casings, containers, and housings. That limitation may therefore not be extended to other articles in the paragraph under the rule *expressio unius est exclusio alterius*.

In the case of *Waltham Watch Co.* v. *United States*, 25 C. C. P. A. 330, T. D. 49425, decided February 7, 1938, the United States Court of Customs and Patent Appeals reversed the said decision of this

court and held that the unfinished pillar or bottom plates were properly dutiable under the *eo nomine* provision for pillar or bottom plates in paragraph 367 (c) (2) of the Tariff Act of 1930, as claimed by the plaintiff. In its decision the appellate court, among 'other things, said:

> The trial court overruled the protest mainly upon the theory that the context of paragraph 367 indicates the intention of Congress to require classification in said subparagraph (c) (2) of such pillar plates only as had been fully completed.
>
> \* \* \* \* \* \* \*
>
> The trial court also stressed the fact that in subparagraph (f) of said paragraph 367, provision is made for "All cases, containers, or housings, designed or suitable for the enclosure of any of the foregoing movements, \* \* \* whether finished or unfinished," and also that a provision containing the term "finished or unfinished" is found in paragraph 368, the clock paragraph. The court stated that it regarded it as significant that in paragraph 367 Congress provided for only one class of unfinished articles—casings, containers and housings, and that under the rule of *expressio unius est exclusio alterius* it was compelled to hold that un-finished pillar or bottom plates or their equivalents were not covered by said subparagraph (c) (2). On the last phase of the decision, the court relies strongly on the decision of this court in *United States* v. *Berger & Co.*, 13 Ct. Cust. Appls. 362, T. D. 41258.
>
> \* \* \* \* \* \* \*
>
> The appellant in this court, as it evidently did in the court below, relies upon the following cases to support its contention that the unfinished pillar plates at bar, upon the record as presented, must be held to be dutiable as pillar plates under subparagraph (c) (2), *supra: United States* v. *Riga*, 171 Fed. 783; *United States* v. *Lyon & Healy*, 4 Ct. Cust. Appls. 438, T. D. 33873; and *Richard & Co. et al.* v. *United States*, 4 Ct. Cust. Appls. 470, T. D. 33883.
>
> We are of the opinion that the said cases cited by the appellant support its contention and are controlling of our decision here, unless other circumstances suggest an intention on the part of Congress to the contrary. \* \* \* ·
>
> \* · \* \* \* \* \* \*
>
> Many of the paragraphs of the Tariff Act can be pointed to where the term "finished.or unfinished" or its equivalent is omitted and where a holding such as is contended for here by the party in interest would be calculated to completely destroy the provisions. As is suggested by the decisions relied upon by appellant, it is not conceivable that Congress could have anticipated such a result. It would not only permit an avoidance of the intended purposes of the dutiable classification provisions, but would require a holding, under some circumstances, that would invade the free list provisions. For instance, typewriters could not enter free unless they were complete articles, and the free entry of master records and sound· records would also be affected. What effect such a holding would have on the free list provisions and the dutiable provisions for works of art would be difficult at this time to foresee.

While we are still of the opinion that our decision was sound law, nevertheless we must bow to this latest decision of our appellate court in its application to the instant case. According to the uncontradicted' evidence the merchandise at bar consists of motorboats complete' in every respect except that they are minus the motors, as

imported. In other words, they were incomplete motorboats, although very much more complete than were the unfinished pillar or bottom plates involved in the last-cited case.

We therefore hold as a matter of law that said motorboats are classifiable as such within the meaning of paragraph 370 of the Tariff Act of 1930 as modified by the Canadian Trade Agreement, *supra*, despite the fact that said agreement does not contain the words "finished or unfinished" or "parts thereof," and are dutiable thereunder at the rate of 15 per centum ad valorem as alleged by the plaintiffs. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.