(C. D. 1592)

HENRY GREENBERG & BROS. EXPORT & IMPORT CO., INC.
v. UNITED STATES

United States Customs Court, Second Division

(Decided March 4, 1954)

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*Richard M. Kozinn* and *Richard H. Welsh*, trial attorneys), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: Plaintiff here contends that certain imported merchandise described on the consular invoice as "10,000 metres chains in rolls" consists in fact of chain for use in the manufacture of bicycle chains. It was imported in rolls of 33⅓ or 50 meters being sufficient to produce 22 or 23 bicycle chains.

It appears from the record that each length is exactly the same as every other length, that there is no indication as to where the chain is to be severed in the production of completed chains, and that the exclusive use of the merchandise is either in making or repairing bicycle chains. The record further discloses that the diameter of the chain is three-sixteenths of 1 inch. Accompanying the rolls of chain were a number of links commonly used to connect the two ends of a piece of chain in producing a completed bicycle chain.

The merchandise was classified by the collector of customs as "Parts of transmission chains not over 2 inch pitch more than 3 parts per

pitch" valued at 40 cents or more per pound, and duty was imposed thereon at the rate of 15 per centum ad valorem in accordance with paragraph 329 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 329), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802.

Plaintiff claims that the merchandise (except the connecting links which the record discloses weigh 52½ pounds, net, and are valued at $105.62 but are not here in issue) consists of chain and that it should be classified pursuant to the provision in said paragraph, as modified, *supra*, which reads—

Chain and chains of all kinds, made of iron or steel:

* * * * * * *

 Less than five-sixteenths of one inch in diameter_____ 2¢ per lb.

The provision adopted by the collector of customs, so far as pertinent here, reads:

Chains of iron or steel, used for the transmission of power, of not more than two-inch pitch and containing more than three parts per pitch, and parts thereof, finished or unfinished:

* * * * * * *

 Valued at 40 cents or more per pound_____ 15% ad val.

From the foregoing facts, the question presented is one of law— whether the merchandise in its condition as imported consists of chain, a material, as claimed by the importer, or completed articles of chain to be used in the transmission of power, as classified by the collector.

Congress has drawn a distinction in paragraph 329 between "chain" and "chains," the former referring to material and the latter to articles made of such material. *C. J. Tower & Sons* v. *United States*, 48 Treas. Dec. 220, T. D. 41118. Although that case arose while the Tariff Act of 1922 was in effect, the language of paragraph 329, *supra*, is in substantially the same language so that it may properly be said that Congress has given approval of that construction.

Plaintiff places considerable reliance upon the doctrine of the following two cases. *United States* v. *The Harding Co.*, 21 C. C. P. A. (Customs) 307, T. D. 46830, and *The Harding Co. et al.* v. *United States*, 23 C. C. P. A. (Customs) 250, T. D. 48109.

In the first *Harding* case, it appears from the opinion of the court that the merchandise consisted of so-called brake linings made of asbestos yarn and wire, imported in bales of running length, which, when cut into proper lengths and the necessary holes drilled therein, are used as brake linings for automobiles. In the course of its opinion, the appellate court reasoned as follows:

We think it clearly appears from the record in the case at bar that the imported merchandise, although used, when cut into proper lengths and the necessary holes drilled therein, as brake linings for automobiles, is "commercially capable" of

various other uses, such as "hoists and winches," clutches, as packing between steel flanges, and as a "dampener or a sound deadener under heavy machinery." Furthermore, it is not marked to indicate where it is to be cut, for the obvious reason that, even when used as brake linings for automobiles, it must be used in various lengths; accordingly, the identity of the individual articles is not fixed with certainty.

In our opinion, the imported merchandise is not parts, finished or unfinished, of automobiles, but a mere material, "commercially capable" of various uses. But, even if it could be said to be dedicated to the exclusive use of making brake linings for automobiles, it would be, nevertheless, a mere material for such use, just as silk cloth in the piece, designed to be used as linings for clothing, is a mere material out of which such linings are to be cut.

In the second *Harding* case, dealing with merchandise of the same character, the court stated—

As long as the merchandise is not cut before importation or is not marked when imported so that nothing remains to be done to make it an automobile brake lining except to cut it into pieces of predetermined length, we regard it as wholly immaterial that the cutting of the roll is delayed until it is fixed to and riveted upon the brake shoe. In the condition as imported, the long roll of brake-lining material has in no manner been dedicated to the making of any particular brake lining. To be a part of an automobile, that is a brake lining, it must be more than mere material for making a brake lining.

The court then cited *Peter J. Schweitzer (Inc.)* v. *United States*, 16 Ct. Cust. Appls. 285, T. D. 42872, relating to paper-makers' felt imported in the form of endless belts for use on a Fourdrinier paper-making machine; *United States* v. *John Wanamaker*, 16 Ct. Cust. Appls. 548, T. D. 43266, pertaining to cotton canvas, stamped with designs in various colors, and silk and wool yarn, in corresponding colors, which were held not to be "parts" capable of being attached or put together by mere assembly; *Snow's United States Sample Express Co.* v. *United States*, 8 Ct. Cust. Appls. 17, T. D. 37161, wherein cotton fabrics of various widths, imported in lengths of about 30 yards, which were adapted by being cut between printed designs, to be used as bedspreads and various other articles, were held to be cotton cloth, printed, rather than articles made from cotton cloth; and *Rogers* v. *United States*, 14 Ct. Cust. Appls. 51, T. D. 41552, where woven figured woolen cloth, imported in running lengths, ranging from 30 to 50 meters, not marked to indicate where it was to be cut, was a material to be used for covering the backs and seats of furniture, and was not chair backs or seats. Commenting upon those cases, the court expressed itself as follows:

Running through most of the decisions pertinent to the inquiry here, it is made clear that before imported merchandise shall be regarded as parts of an article *the identity of the individual article must be fixed with certainty*. This is not true in the case at bar, and we hold as we held in the former *Harding* case that the imported merchandise is material for making automobile brake linings and is not parts of automobiles. [Italics quoted.]

In our opinion, the principle of decision laid down in the *Harding* cases and others cited by the court in those decisions leads inevitably to the conclusion that the length of chain in the case now before us is mere material for making chains and that the claim of plaintiff should be sustained. Note also *American Import Co.* v. *United States*, 26 C. C. P. A. (Customs) 72, T. D. 49612, wherein gut in 60-foot lengths for use in making leaders was held not dutiable as parts of fishing tackle; *M. A. Hoenecke* v. *United States*, 6 Cust. Ct. 193, C. D. 460, where it was held that certain steel bars for use in agricultural implements after cutting them into lengths were not parts of such implements; *Dehler Signoret Corp.* v. *United States*, 7 Cust. Ct. 103, C. D. 545, in which wire in coils was held not to be parts of machinery but mere material for further manufacture; and *All America Cables & Radio, Inc.* v. *United States*, 16 Cust. Ct. 74, C. D. 987, holding that Wollaston wire was not dutiable as parts of electrical equipment.

For the foregoing reasons and upon the authorities cited, we sustain the claim of plaintiff and hold that the chain in controversy is properly dutiable at the rate of 2 cents per pound within the provision for chain of all kinds, made of iron or steel, and less than five-sixteenths of 1 inch in diameter, in said paragraph 329, as modified, *supra*. All other claims, having been abandoned, are dismissed.

Judgment will issue accordingly.