UNITED STATES *v.* HENRY GREENBERG & BROS. EXPORT & IMPORT CO., INC. (No. 4871)[1]

[1] C. A. D. 636.

United States Court of Customs and Patent Appeals, January 9, 1957

*George Cochran Doub*, Assistant Attorney General and *Richard E. FitzGibbon*, Chief, Customs Section for the United States.

*Jordan & Klingaman* (*J. L. Klingaman* of counsel) for appellee.

*Lamb & Lerch* (*John G. Lerch* and *David A. Golden* of counsel) *amici curiae.*

[Oral argument October 4, 1956, by Mr. FitzGibbon, Mr. Klingaman, and Mr. Golden]

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, COLE, and RICH, Associate Judges

WORLEY, Judge, delivered the opinion of the court:

This is an appeal from the decision of the United States Customs Court, Second Division, C. D. 1755, sustaining a protest by the importer and holding the merchandise involved to be properly dutiable at 2 cents per pound as "Chain and chains of all kinds, made of iron or steel: * * * Less than five-sixteenths of one inch in diameter" under paragraph 329 of the Tariff Act of 1930 as modified by the General Agreement on Tariffs and Trade, T. D. 51802. The collector had classified the merchandise as "Chains of iron or steel, used for the transmission of power, of not more than two-inch pitch and containing more than three parts per pitch, and parts thereof, finished or unfinished," dutiable at 30 per centum ad valorem, under the same paragraph.

The pertinent portions of paragraph 329, as modified, read:

Chain and chains of all kinds, made of iron or steel:
    Not less than three-eighths of one inch in diameter_____ ½¢ per lb.
    Less than three-eighths and not less than five-sixteenths of one
        inch in diameter_____ 1¢ per lb.
    Less than five-sixteenths of one inch in diameter_____ 2¢ per lb.

Chains of iron or steel, used for the transmission of power, of not more than two-inch pitch and containing more than three parts per pitch, and parts thereof, finished or unfinished:

| | |
|---|---|
| Valued at less than 40 cents per pound | 30% ad val. |
| Valued at 40 cents or more per pound | 15% ad val. |

The merchandise consists of 100-foot rolls of roller chain designed for use on bicycles. The chain is made up of pins, rollers, and links or side plates. The distance between adjacent pins, which is known as the pitch, is one-half inch and the chain contains more than three parts per pitch. The merchandise is clearly "for the transmission of power" within the meaning of paragraph 329. Before it is used, the chain is cut into pieces of the desired length and the ends of each piece are connected by connecting links which are supplied with the chain.

The lower court, relying on its decisions in *C. J. Tower & Sons* v. *United States*, T. D. 41118, 48 Treas. Dec. 220, and *Henry Greenberg & Bros. Export & Import Co., Inc.* v. *United States*, 32 Cust. Ct. 121, C. D. 1592, held that the expression "chains of iron or steel, used for the transmission of power" was not applicable to lengths of chain, but that such lengths were merely material for making chains. The court pointed out that paragraph 329 contains a provision for "Chain and chains of all kinds, made of iron or steel," and expressed the opinion that the quoted language indicated an intention on the part of Congress to distinguish between chains as units and chain as a material for making chains.

It is clear that the provision in paragraph 329 for "Chains of iron and steel, used for the transmission of power * * * and parts thereof, finished or unfinished" would, if construed alone, include the instant merchandise, since it is well settled that in statutory interpretation the singular includes the plural and vice versa, unless a contrary intention is shown. *Domestic Fuel Corp.* v. *United States*, 22 C. C. P. A. (Customs) 509, T. D. 47496; *United States* v. *McCoy*, 5 Ct. Cust. Appls. 264, T. D. 34445, and cases there cited. Also, since the provision just quoted is a use designation, it would, if applicable, take precedence over the "Chain and chains of all kinds" provision.

It is true that the use of the expression "chain and chains" in one part of paragraph 329, and of "chains" alone in another part might, standing alone, suggest an intention on the part of Congress to make a distinction such as that stated by the lower court; but there are other circumstances which seem clearly to indicate that no such distinction was intended.

Under the provision for "Chain and chains of all kinds," under which the lower court has held the merchandise to be classifiable, duty is imposed according to diameter which, as held in *Schneider Bros. & Co.* v. *United States*, 13 Ct. Cust. Appls. 519, T. D. 41392, means the diameter of the material of which the chain is made. It is by no

means clear, in the case of the composite chain under consideration, what that diameter would be. The pins have one diameter and the rollers another, while it is questionable whether the flat connecting links have, properly speaking, any diameter at all. The importer's witness, Greenberg, apparently regarded the thickness of the plates from which those links were made as their diameter. It is to be noted that in the *Schneider Bros.* case the court stated that "To provide that thin sheets of paper should be dutiable according to their diameter would indicate a lack of understanding of the common meaning of that word and would require the ascertainment of something which did not exist." That language would appear to apply in a similar manner to the flat side links of the chains under consideration. The Government produced the testimony of a number of qualified witnesses, some of whose testimony was stipulated, to the effect that such chain has no diameter.

Moreover, even assuming that a bicycle chain has a diameter, it does not seem reasonable to suppose the Congress intended that the chain should be classified on a diameter basis when in hundred-foot lengths, and on the entirely distinct basis of pitch when in the form of a chain ready for use. There might be a reason for applying different rates in the two cases, but there seems to be none for applying different bases for imposing duties.

In support of its holding that the instant chain could be classified on the basis of diameter, the lower court quoted the following portions of former tariff acts:

Act of 1883, paragraph 585:

Chain or chains of all kinds, made of iron or steel, not less than three-fourths of one inch in diameter, one and three-quarters cents per pound; Less than * * *.

Act of 1890, paragraph 164:

Chain or chains of all kinds, made of iron or steel, not less than three-fourths of one inch in diameter * * *.

Act of 1894, paragraph 137:

Chains of all kinds, made of iron or steel, thirty per centum ad valorem.

Act of 1897, paragraph 151:

Chain or chains of all kinds, made of iron or steel, not less than three-fourths of one inch in diameter * * *.

Act of 1909, paragraph 150:

Chain or chains of all kinds, made of iron or steel, not less than three-fourths of one inch in diameter * * *.

Act of 1913, paragraph 126:

Chain or chains of all kinds, made of iron or steel, not specially provided for in this section, 20 per centum ad valorem; sprocket and machine chains, 25 per centum ad valorem.

The court stated that chains for the transmission of power must have been held to be dutiable under the quoted provisions, therefore some means must have been found for fixing their diameter.

There is no actual evidence of record to show how such chain was held dutiable during the period in question. Moreover, as pointed out in the brief filed by *amicus curiae*, the portions of statutes quoted by the lower court do not present the complete picture.

While the 1883 act provided only for chains dutiable on the basis of diameter, paragraph 164 of the act of 1890 contained, in addition to the language quoted by the court, a provision that "no chain or chains of any description shall pay a lower rate of duty than forty-five per centum ad valorem." That provision would clearly apply to any chain whether it had a diameter or not.

The act of 1894 fixed the duty in terms of value alone and made no reference to diameter. That act, therefore, has no bearing on the interpretation of the word "diameter."

The acts of 1897 and 1909 each contained a provision similar to the 1890 act, to the effect that "no chain or chains of any description" should be dutiable at less than forty-five per centum ad valorem.

Paragraph 126 of the 1913 act fixed the duty on chains on an ad valorem basis and also specifically mentioned "sprocket and machine chains" which would apparently include the instant merchandise.

It thus appears that chain could be assessed for duty, even if it had no diameter, under each of the acts above referred to except that of 1883, which remained in effect for about seven years. In the absence of any showing as to what duties, if any, were imposed on chains of the kind here involved under that act, we are of the opinion that it affords no substantial support for the proposition that such chains must have been considered to have diameters, and that the prior acts cited by the Customs Court do not support its conclusion that "Congress must have used the word 'diameter' in a broad sense as applying to the material of which chains were made, whether round, flat, or of other shapes."

In its decision in the *Henry Greenberg & Bros.* case, *supra*, the Customs Court noted that paragraph 329 of the 1930 Tariff Act is in substantially the same language as the corresponding paragraph of the 1922 Act, and that the *C. J. Tower & Sons* decision was rendered between the dates of those Acts. From those facts, the court concluded that Congress had given approval to the statement in the *C. J. Tower & Sons* decision to the effect that there is a distinction between chains and "the mere material chain." The statement in question was dictum, since the decision merely held that the language "Chain and chains of all kinds, made of iron or steel" was broad enough to include nonskid chains equipped with fastening devices. Moreover, the provision relating to chains for the transmission of

power was in no way involved in that case. Under such circumstances, it is extremely doubtful that either the *C. J. Tower & Sons* decision, or the fact that Congress did not substantially change the language of paragraph 329 of the 1922 Tariff Act, when that language was incorporated in the 1930 Act, is material to the issue before us.

On the other hand, the prior acts, as well as the 1930 Act, contain indications that Congress has used the words "chain" and "chains" indiscriminately and as substantial equivalents. Thus, the 1883 and 1890 acts refer to "chain or chains of all kinds;" the 1894 act refers to "Chains of all kinds;" and the 1897, 1909, and 1913 acts return to "Chain or chains of all kinds." It seems clear that the intent was the same in each of those acts and that Congress had no idea of dropping chain as a material, as distinguished from chains as finished articles, from the act in 1894 and returning it in 1897.

Again, paragraph 329 of the 1930 Act contains, in addition to the provisions above discussed, a provision for "Anchor or stud link chains." It seems to us that if the reasoning applied by the lower court in the instant case is correct, then presumably that provision would apply only to anchor or stud link chain as a material, and complete chains of that type would be dutiable under the "Chain and chains of all kinds" provision. It seems highly improbable that Congress intended that anchor chains, if complete, and chains for the transmission of power, if incomplete, should fall into the "Chain and chains of all kinds" provision, while incomplete anchor chains and complete chains for the transmission of power would not. It is much more probable that each of the three provisions was intended to include both complete and incomplete chain.

For the reasons given, we are of the opinion that neither the legislative history of paragraph 329, nor the reference in that paragraph to "Chain and chains of all kinds, made of iron or steel" justifies an interpretation of the "Chains of iron or steel, used for the transmission of power" portion of that paragraph at variance with the rule that a plural term used in a statute will ordinarily be construed as including the singular, if the context so warrants.

It is to be noted, moreover, that the provision under which the instant merchandise was classified by the collector includes not only chains used for the transmission of power but "parts thereof, finished or unfinished." Even assuming that the word "Chains" refers only to the completed articles, we are of the opinion that the merchandise here would be classifiable as parts of such chains "finished or unfinished." The Customs Court did not discuss that aspect of the case, but it was considered in the decision of that court in the *Henry Greenberg & Bros.* case, *supra.*

In that decision it was stated that lengths of chain similar to the instant merchandise were not dutiable as parts of chains but were

material for making them. In support of that holding the following decisions were cited: *United States v. The Harding Co.*, 21 C. C. P. A. (Customs) 307, T. D. 46830; *The Harding Co. et al. v. United States*, 23 C. C. P. A. (Customs) 250, T. D. 48109; *Snow's United States Sample Express Co. v. United States*, 8 Ct. Cust. Appls. 17, T. D. 37161; *Rogers v. United States*, 14 Ct. Cust. Appls. 51, T. D. 41552; *American Import Co. v. United States*, 26 C. C. P. A. (Customs) 72, T. D. 49612; *M. A. Hoenecke v. United States*, 6 Cust. Ct. 193, C. D. 460; *Dehler Signoret Corp. v. United States*, 7 Cust. Ct. 103, C. D. 545; and *All America Cables & Radio, Inc. v. United States*, 16 Cust. Ct. 74, C. D. 987.

Those cases, however, are distinguishable from the instant one in that they involved continuous rolls or lengths of material designed to be cut and, in most cases, additionally manipulated, to form completed articles or parts thereof, whereas the instant merchandise is made up by connecting a number of parts together. The individual links, and even the pins, rollers, and side plates of which they are made, are dedicated to use in chains for the transmission of power, and it is evident that if such links were imported individually and assembled to form chains in the United States, they would be classifiable as parts "finished or unfinished," of such chains. The fact that a number of such links are connected together prior to importation does not change their status in that respect.

For the reasons given, we are of the opinion that the merchandise was properly classified by the collector, and the decision of the United States Customs Court is accordingly reversed.

O'CONNELL and COLE, J. J., were present at the argument of this case, but because of illness, did not participate in the decision.