## IRWIN & Co. *v.* UNITED STATES (No. 638).[1]

1. CONSTRUCTION.

According to the strict rules of grammatical and legal construction and in the absence of restraining considerations, a modifying clause following a number of recitals applies to its immediate antecedent and not to all those antecedents; but,

2. ERASERS OF METAL WITH FIXED BLADES.

The legislative history of paragraph 152, tariff act of 1909, seems to show that the additional provision inserted therein, the basis of contention here, was intended to enlarge the class, make it more comprehensive, not less so; and erasers of metal with fixed or rigid blades set into handles of wood or other material are dutiable under that paragraph.

United States Court of Customs Appeals, November 22, 1911.

APPEAL from Board of United States General Appraisers, G. A. 7165 (T. D. 31294).

[Affirmed.]

*Comstock & Washburn* (*Albert H. Washburn* and *Geo. J. Puckhafer* of counsel), for appellants.

*Wm. K. Payne,* Deputy Assistant Attorney General (*Martin T. Baldwin* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this case consists of metal erasers, which are well-known articles for desk use, falling in a general way under the head of stationery supplies. They are composed of fixed or rigid metal blades set into handles of wood or other material.

The importation was entered under the tariff act of 1909, and the collector classified the articles as "erasers," under paragraph 152 of that act, and assessed the duty accordingly.

1 Reported in T. D. 32039 (21 Treas. Dec., 573).

The importers protested against this classification and contended that the erasers in question did not come within the terms of that paragraph, because they had fixed blades, whereas the paragraph, the importers contend, includes only such erasers as have folding blades.

This protest was duly heard upon evidence by the Board of General Appraisers, and the same was overruled. The appellants excepted to the board's decision and now pray for a reversal thereof.

It appears at once, therefore, that the issue made by the parties is very distinct and clearly defined. It is this: Does paragraph 152 of the act of 1909 include within its purview such erasers as have fixed blades or only such as have folding blades? The appellants contend that only erasers having folding blades are covered by the paragraph. The appellee maintains that the paragraph includes erasers having either folding or fixed blades.

The pertinent part of the paragraph reads as follows:

152. Penknives, pocketknives, clasp knives, pruning knives, budding knives, erasers, manicure knives, and all knives by whatever name known, including such as are denominatively mentioned in this section, which have folding or other than fixed blades or attachments, valued at not more than forty cents per dozen, forty per centum ad valorem. * * *

It will be seen that the decision of the present question depends upon the scope and application to be given to the clause "which have folding or other than fixed blades or attachments," above appearing. If that clause modifies only its next preceding antecedent, then the contention of the appellee should be sustained; if, on the other hand, it modifies all the terms preceding it in the paragraph, then the exception of the appellants should be sustained.

According to the strict rules of grammatical and legal construction, and in the absence of restraining considerations, such a modifying clause following a number of recitals applies only to its immediate antecedent and not to all those which precede it. Such a rule is, however, only the beginning of a real inquiry into the subject, because, manifestly, it must yield if other and controlling reasons appear to the contrary.

In order to investigate the subject more fully, it is well to refer first to the corresponding paragraph of the act of 1897, being paragraph 153 of that act. It will be seen that the later paragraph assumes the appearance of an amendment of the earlier one rather than that of an entirely new and original enactment.

Paragraph 153 of the act of 1897 reads in part as follows:

153. Penknives or pocketknives, clasp knives, pruning knives, and budding knives of all kinds, or parts thereof, and erasers or manicure knives, or parts thereof, wholly or partly manufactured, valued at not more than forty cents per dozen, forty per centum ad valorem. * * *

It thus appears that the earlier paragraph contained in the same order all of the knives which are specifically named in the later one, and this in comprehensive and unqualified terms; and that under the earlier provision all erasers were included within the same classification, those having fixed blades as well as those having folding blades. If appellants' view is adopted, the later enactment has the effect of taking out of that classification all knives and erasers of the kinds therein named which have fixed blades, leaving the paragraph to apply only to those having folding blades. This would effect a radical change in the subject matter, for it appears from the testimony that almost all erasers have fixed blades; and common knowledge is to the effect that many pruning knives and budding knives have the same; and this is also in some measure true of manicure knives. Therefore, if appellants' construction obtains, the later paragraph has withdrawn from the earlier classification about all erasers and many pruning, budding, and manicure knives, and has made no other specific provision for any of the substantial classes thus withdrawn.

This result militates strongly against the contention of appellants because there is nothing in the legislative history of the enactment which indicates such a purpose. The more reasonable view therefore seems to be that the later paragraph was intended to cover in the same measure as the earlier one all those articles which are specifically named in both; and that the additional provision in the later one containing the clause in question was not intended to limit the class already created by the first paragraph, but was intended only to enlarge it and make it more comprehensive. The meaning is that the prescribed duty shall be assessed not only upon all penknives, pocketknives, clasp knives, pruning knives, budding knives, erasers, and manicure knives, as had been also provided by the act of 1897, but in addition thereto upon a residuary class, namely, all knives by whatever name known, including such as are denominatively mentioned in the section, which have folding or other than fixed blades or attachments. The limiting clause therefore applies only to the added class of knives, which class and limitation came into the paragraph together, and not to those already specifically and unqualifiedly mentioned in the paragraph. The clause "including such as are denominatively mentioned in this section" refers to the kinds of knives named in paragraph 154 of the present act. That paragraph provides in terms for "table, butchers', carving, cooks', hunting, kitchen, bread, butter, vegetable, fruit, cheese, carpenters' bench, curriers', drawing, farriers', fleshing, hay, tanners', plumbers', painters', palette, artists', and shoe knives." These knives almost all have fixed or rigid blades, yet in some few cases they have folding blades. The case of United States v. Borgfeldt, (1 Ct. Cust. Appls., 255), relates to one of the few instances of such

knives with folding blades. The construction contended for by the appellee has the effect only of taking from the above classification any knives having folding blades and adding such to the class established by paragraph 152, thus leaving paragraph 154 inclusive only of knives with fixed blades. This interpretation is the reasonable one, and the decision of the board following it is *affirmed.*