SCHNEIDER BROS. & CO. *v.* UNITED STATES (No. 2659) [1]

1. CONSTRUCTION—GRAMMAR.
    The strict rules of grammatical construction will be followed in construing a particular provision of an act of Congress unless it can be seen, from a consideration of all parts of the act and other relevant matters, that such was not the intent of the legislative body.
2. CONSTRUCTION, PARAGRAPH 329, TARIFF ACT OF 1922—"CHAINS"—"DIAMETER"—SKID CHAINS.
    In the provision of paragraph 329, Tariff Act of 1922, for "Chain and chains of all kinds, made of iron or steel, not less than three-fourths of one inch in diameter," the phrase "in diameter" modifies "iron or steel," not "chain and chains."   Automobile skid chains are dutiable under the paragraph according to the diameter of the stock of which they are made.

United States Court of Customs Appeals, February 25, 1926

APPEAL from Board of United States General Appraisers, Abstract 49598

[Affirmed.]

*Allan R. Brown* for appellants.

*William W. Hoppin,* Assistant Attorney General (*Oscar Igstaedler* and *Ralph Folks,* special attorneys, of counsel), for the United States.

---

[1] T. D. 41392.

[Oral argument December 15, 1925, by Mr. Brown and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The merchandise imported in this case consists of two cases of rusty steel chains, entered as old junk, under paragraph 1601 of the free list of the Tariff Act of 1922. It was classified as "iron chains less than five-sixteenths of an inch in diameter," under paragraph 329 of said act. The Board of General Appraisers sustained this classification and the importers appeal, claiming here that "diameter," as used in said paragraph, refers to the antecedent "chains," and not to the material of which they are made, and that the chains imported, being not less than three-eighths of an inch "in diameter," are dutiable at only 1⅛ cents per pound under said paragraph.

Said paragraph 329 is as follows:

329. Chain and chains of all kinds, made of iron or steel, not less than three-fourths of one inch in diameter, seven-eighths of 1 cent per pound; less than three-fourths and not less than three-eighths of one inch in diameter, 1⅛ cents per pound; less than three-eighths and not less than five-sixteenths of one inch in diameter, 2⅛ cents per pound; less than five-sixteenths of one inch in diameter, 4 cents per pound; sprocket and machine chains, of iron or steel, and parts thereof, 35 per centum ad valorem; anchor or stud link chain, two inches or more in diameter, 1½ cents per pound; less than two inches in diameter, 2 cents per pound: *Provided*, That all articles manufactured wholly or in chief value of chain shall not pay a lower rate of duty than that imposed upon the chain of which it is made, or of which chain is the component material of chief value.

From the testimony of the single witness heard by the court below and from an inspection of the official sample, it appears that the material imported is non-skid chains, such as are used on automobile and motor-cycle wheels, made from old, rusty steel chain of various sizes. In addition to complete chains, parts thereof were also included. The chains were of the ordinary type, with elliptical links on the margins and with cross chains made of links of the same original shape, which had been twisted in the process of manufacture. The average minor axis of these links was three-quarters, and was in no case less than three-eighths, of an inch. The witness, Jacob Waldman, stated that the "width of the oval from outer edge to outer edge" was called the diameter of a chain; that the thickness of a wire was called its gauge and that the word diameter would not be properly used to indicate the thickness of the wire. He then said:

Q. So in this instance the word diameter means the shortest width across an oval?—A. In measuring chain it does. I do not know how it is used otherwise.

Q. Suppose you were to have just a chain, not made into links, how would you determine the diameter?—A. The same way.

This was all the evidence in the case. In the testimony of the witness Waldman, there was no attempt to prove that in the trade,

generally, chains were measured as stated by him.    The best that can be said of this testimony is that it expressed the personal views and conclusions of the witness on that subject.    The correctness, therefore, of the collector's return is to be measured by the law applicable to the dutiability of the merchandise in question.

Paragraph 329 imposes graduated duties, according to diameter—the less the diameter the higher the duty.    The language of the paragraph is: "Chain and chains of all kinds, made of iron or steel, not less than three-fourths of an inch in diameter," and so forth.

The strict rules of grammatical construction will be followed in construing a particular provision of an act of Congress unless it can be seen, from a consideration of all parts of the act and other relevant matters, that such was not the intent of the legislative body. *Irwin* v. *United States*, 2 Ct. Cust. Appls. 296; *Lehn & Fink* v. *United States*, 12 Ct. Cust. Appls. 359.    In this case we can not escape the conclusion that the intent of Congress was not to apply the words "in diameter" to the antecedent "chain and chains," but to the words "iron and steel."

It is said the word "gauge" is universally applied when the diameter of a wire is in question.    As has been pointed out in the decision of the Board of General Appraisers, the word "diameter" is applied by the Tariff Act of 1922 to the thickness of wire in several instances.

Paragraph 316 of said act provides:

316.  Round iron or steel wire, not smaller than ninety-five one-thousandths of one inch in diameter, three-fourths of 1 cent per pound; smaller than ninety-five one-thousandths and not smaller than sixty-five one-thousandths of one inch in diameter, 1¼ cents per pound; smaller than sixty-five one-thousandths of one inch in diameter, 1½ cents per pound.

A similar provision is made as to galvanized wire in paragraph 317.    It will also be observed in both paragraphs 316 and 317 the duty is graduated on wire according to its diameter—the greater the diameter the less the duty.    This is in entire harmony with the construction we have herein placed upon paragraph 329.    It is a reasonable conclusion that a chain manufactured from wire might well be considered in no more favorable or different light than the wire of which it is made.

It can not be presumed that Congress would declare a thing to be dutiable according to its diameter unless a diameter could be found in the thing itself.    To provide that thin sheets of paper should be dutiable according to their diameter would indicate a lack of understanding of the common meaning of that word and would require the ascertainment of something which did not exist.    It is equally so in this case when we try to apply diameter to these chains.    To ascertain their diameter, within the ordinary meaning of that word, is not possible and, therefore, it must be presumed, and that pre-

sumption does no violence to the grammatical construction of the sentence, in view of its history, that Congress clearly intended that such chains as these should be classified for duty according to the diameter of the pieces of metal constituting the links, which is the only thing about the chains that has diameter.

The latter part of the paragraph provides explicitly for anchor or stud link chains, according to their diameter. Whether or not there are such chains that have in the ordinary meaning of the word a diameter, it will be sufficient to determine when the question is raised. But so far as chains of the character here are concerned, it is clear that Congress could have meant nothing other than the diameter of the pieces of metal composing the links of the chain.

The samples before us show the average diameter of the steel in the chains imported to be less than five-sixteenths of an inch. There being no evidence to impeach it, the finding of the collector in that respect will not be disturbed.

The judgment of the court below is *affirmed.*