(C. D. 630)

SCHOEMANN & MAYER, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided May 14, 1942)

*Strauss & Hedges* (*Eugene F. Blauvelt* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Richard E. FitzGibbon,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of dog chains or dog leashes. Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said articles are properly dutiable under the provision in paragraph 329 of said act for chains of all kinds made of iron or steel, at the appropriate rate depending upon the diameter of the chain.

At the first hearing, held at New York on November 10, 1941, a sample of the imported merchandise was admitted in evidence as plaintiff's exhibit 1. Also, it was stipulated by and between counsel for the respective parties in open court that the articles represented by said exhibit 1 were composed in chief value of chain. At the request of counsel for the plaintiff said exhibit 1 was sent to the Government chemist at the port of New York to determine the diameter measurement of the chain. The case was then continued to the December, 1941, term.

At the second hearing, held at New York on December 8, 1941, the report of the chief chemist at the port of New York was admitted in evidence as plaintiff's exhibit 2, and the case was submitted by both sides. The said report reads: "The diameter of the wire composing the links of the main portion of the chain is .076 inch."

Counsel for the Government in his brief filed herein describes the merchandise as consisting of "certain dog chains or dog leashes, composed of links of iron or steel, with a swivel and snap at one end and a swivel and leather loop at the other."

Upon this record counsel for the plaintiff in their brief filed herein contend that the articles in question are properly dutiable at the rate of 4 cents per pound under said paragraph 329 since they are composed of chain .076 of an inch in diameter, which of course is less than $\frac{5}{16}$ of 1 inch in diameter. In support of such contention they cite the decision in *Schneider Bros. & Co.* v. *United States*, 13 Ct. Cust. Appls. 519, T. D. 41392.

We agree with such contention. In *C. J. Tower & Sons* v. *United States*, T. D. 41118—G. A. 9038, 48 Treas. Dec. 220, which, singularly enough, is cited by counsel for both parties in their briefs, this court held that certain automobile truck tire chains, used as nonskid chains and for that purpose equipped with fastening devices, were properly dutiable according to the diameter measurement of the chains under the provision in paragraph 329 of the Tariff Act of 1922 for chains of all kinds made of iron or steel, as claimed by the plaintiffs, rather than at the rate of 40 per centum ad valorem under paragraph 399 of said act as manufactures of metal not specially provided for. In its decision the court said:

It will be observed that the paragraph provides not only for "chain" in the form of material, but also for "chains of all kinds, made of iron or steel," thereby indicating a purpose to include in the latter provision the various articles which are commercially designated as "chains" of different kinds, as distinguished from the mere material chain. This intent is evidenced by the fact that the proviso mentions "articles manufactured wholly or in chief value of chain." There are in commerce many chains, each of which may be constructed and designed for a specific use and which may be equipped with special hooks, swivel, or other con-

necting devices, but all of which are commercially dealt in as chains of some particular designation, such as the present truck chains. We see no reason why such chains should be excluded from said paragraph, especially in view of the broad provision for "chains of all kinds, made of iron or steel." It is a matter of common knowledge that virtually all chains devoted to specific uses have some special link, ring, hook, swivel, or similar device to permit fastening the chain to the object. We can not believe that Congress intended to exclude every such chain from the provision for "chains of all kinds," merely because of the presence thereon of the fastening device. If such interpretation should be given the provision, practically all chains, as distinguished from chain used as material, would be eliminated, and the number of such chains used in the different trades and industries is legion. In fact, the provision would be rendered almost wholly inoperative and meaningless. Note Abstract 49598. See also *Spratt's Patent (Amer.) Ltd.* v. *United States*, Abstract 51616, 49 Treas. Dec. 1195.

On the established facts and the law applicable thereto we hold that the dog chains constituting the imported merchandise at bar are properly dutiable at the rate of 4 cents per pound under paragraph 329 of the Tariff Act of 1930 as chains of iron or steel having a diameter measurement of less than $\frac{5}{16}$ of 1 inch, as alleged by the plaintiff. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.