BEFORE THE SECOND DIVISION, AUGUST 5, 1952

**No. 56828.**—Hudson Shipping Co., Inc., and W. & J. Overocean Traders, Inc. *v.* United States, protest 168405–K (New York).

LAWRENCE, Judge: An importation of cuckoo clocks was classified by the collector of customs pursuant to the provisions of paragraph 368 (a) of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 368 (a)), and duty was imposed thereon at the rate of $3 each, plus 65 per centum ad valorem.

Plaintiffs claim that the merchandise is dutiable in accordance with said paragraph 368 (a), as modified by the trade agreement between the United States and Switzerland, 69 Treas. Dec. 74, T. D. 48093, effective February 15, 1936, and dutiable at the rate of $1.50 each, plus 32½ per centum ad valorem.

THE STATUTES

Paragraph 368 (a), Tariff Act of 1930:

Clocks, clock movements, including lever movements, clockwork mechanisms, time-keeping, time-measuring, or time-indicating mechanisms, devices, and instruments, synchronous and subsynchronous motors of less than one-fortieth of one horsepower valued at not more than $3 each, not including the value of gears or other attachments, and any mechanism, device, or instrument intended or suitable for measuring time, distance, speed, or fares, or the flowage of water, gas, or electricity, or similar uses, or for regulating, indicating, or controlling the speed of arbors, drums, disks, or similar uses, or for recording or indicating time, or for recording, indicating, or performing any operation or function at a predetermined time or times, all the above (except the articles enumerated or described in paragraph 367), whether or not in cases, containers, or housings:

(1) If * * * valued at more than $5 but not more than $10 each, $3 each; * * *

(2) any of the foregoing shall be subject to an additional duty of 65 per centum ad valorem;

Paragraph 368 (a), as modified by the trade agreement, *supra*:

Lever movements of plate and bridge type construction for clocks or other timekeeping, time-measuring, or time-indicating mechanisms, devices, or instruments, 1.77 inches or more but not over 2 inches in width as defined in subparagraph 367 (h), and having more than four jewels; clocks and other timekeeping, time-measuring, or time-indicating mechanisms, devices, or instruments containing such movements; synchronous and subsynchronous motors of less than one-fortieth of one horsepower valued at not more than $3 each, not including the value of gears or other attachments; mechanisms, devices, or instruments intended or suitable for measuring the flowage of electricity; time switches; all the foregoing which are provided for in paragraph 368 whether or not in cases, containers, or housings:

(1) If valued at not more than $1.10 each_____ 27½¢ each
Valued at more than $1.10 but not more than $2.25 each\_\_ 50¢ each
Valued at more than $2.25 but not more than $5 each\_\_\_\_ 75¢ each
Valued at more than $5 but not more than $10 each_____ $1.50 each
Valued at more than $10 each_____ $2.25 each

(2) Any of the foregoing shall be subject to an additional duty
of_____ 32½% ad val.

(3) Any of the foregoing containing jewels shall be subject to
an additional cumulative duty of_____ 12½¢ for each
such jewel.

At the trial of this case it was agreed between the parties litigant that the merchandise consists of cuckoo clocks containing lever movements of bridge type construction over 2 inches in width and containing no jewels, valued at more than $5 each but not more than $10 each.

Plaintiffs state the issue as follows:

The ultimate question herein presented to the court is whether the word "such" or the words "such movements" at the end of the second phrase of the Trade Agreement with Switzerland, said phrases being set apart by semi-colons, modifies the words "lever movements" in the first phrase, "clocks" in the second phrase or "time-keeping, time-measuring, or time-indicating mechanisms or devices" in the second phrase.

Defendant contends—

(a) That the words "such movements", in the second phrase, refer back to use of the word "movement" in the paragraph, namely, lever movements under 2 inches in width and having more than 4 jewels.

(b) This being so, the plaintiff is not entitled to the reductions so granted as the merchandise is concededly over 2 inches and contains no jewels.

Since the facts of the case are not disputed, the case resolves itself into a question of law, namely, the proper interpretation to be placed upon the pertinent language of said paragraph 368 (a).

It is the contention of plaintiffs that the language of paragraph 368 (a), as modified, *supra*, is plain and unambiguous and that it provides for reduced rates of duty upon the following articles, whether or not they are in containers or housings:

1. Lever movements of certain definite specifications;

2. Clocks and other time-keeping, time-measuring or time-indicating mechanisms, devices, or instruments containing such movements;

3. Synchronous and subsynchronous motors of certain specifications;

4. Mechanisms, devices, or instruments intended or suitable for measuring the flowage of electricity; and

5. Time switches.

Plaintiffs argue that even if the provision of the statute under consideration were ambiguous and required construction, "the familiar rule of grammatical construction that a qualifying clause modifies only its immediate antecedent requires a finding that the words 'containing such movements' modify the words 'time-keeping, time-measuring and time-indicating' and do not modify any of the preceding terms, each of which is separated by commas."

In support of this contention, plaintiffs cite the case of *Schneider Bros. & Co.* v. *United States*, 13 Ct. Cust. Appls. 519, T. D. 41392. The court was there concerned with the interpretation to be placed upon the following language in paragraph 329 of the Tariff Act of 1922:

Chain and chains of all kinds, made of iron or steel, not less than three-fourths of one inch in diameter, * * *.

The controversial question was whether the words "in diameter" modified the words "iron or steel" or the words "chain and chains." The court resolved that question by saying—

\* \* \* In this case we can not escape the conclusion that the intent of Congress was not to apply the words "in diameter" to the antecedent "chain and chains," but to the words "iron and steel."

Our attention is next invited to the decision of this court in *Frank Samuel & Co.* v. *United States*, 68 Treas. Dec. 346, T. D. 47912, wherein we commented upon the *Schneider Bros.* case, *supra*, and said:

If in that case the comma had been omitted making the qualifying language read "made of iron or steel not less than three-fourths of one inch in diameter" its meaning would have been so clear that the court would probably not have been called upon to interpret it.

Plaintiffs argue that the above quotation "covers the language involved in this case, and represents the court's understanding of the appropriate construction of such language."

Plaintiffs also draw our attention to the case of *American Import Co.* v. *United States*, 25 C. C. P. A. (Customs) 231, T. D. 49337, wherein the question was presented whether the words "composed wholly or in chief value of metal" modified the immediately preceding term or the entire enumeration contained in paragraph 373 of the Tariff Act of 1930, which provides for:

Shovels, spades, scoops, forks, hoes, rakes, scythes, sickles, grass hooks, corn knives, and drainage tools, and parts thereof, composed wholly or in chief value of metal, whether partly or wholly manufactured, \* \* \*.

The court there expressed the opinion that the words "composed wholly or in chief value of metal" relate to each article named in the language of said paragraph 373, above-quoted; that by so construing the paragraph "no anomaly is created, but a reasonable, harmonious result follows in accordance with what must have been the legislative intent."

In the course of its opinion, the court also took occasion to comment upon the contention of appellant in that case who invoked the rule of grammatical construction "that a qualifying clause modifies only its immediate antecedent," by pointing out that "This is a rule of legal construction applicable, however, where no contrary intention appears."

Plaintiffs cite the decision of this court in *Herman H. Sticht & Co.* v. *United States*, 73 Treas. Dec. 1041, T. D. 49635, as the only instance where the meaning of the words "containing such movements," appearing in paragraph 368 (a), as modified, *supra*, was construed, and seeks to distinguish it upon the ground that an examination of the record and briefs in that case "shows that no argument based on the grammatical construction of the provision was made by either side."

With reference to that portion of paragraph 368 (a), as modified, *supra*, with which we are here concerned, we made the following observations in the *Sticht* case:

Obviously there are thus provided five separate and distinct classifications: (1) for lever movements of certain definite construction; (2) for clocks and other time-keeping, time-measuring, or time-indicating mechanisms, devices, or instruments containing such movements; (3) for synchronous and subsynchronous motors of certain specified horsepower; (4) for mechanisms, devices, or instruments intended or suitable for measuring the flowage of electricity; and (5) for time switches.

We then observed that—

While it is true, as stated by counsel for the plaintiffs in their brief filed herein, that the five provisions refer to different articles and are separated by semicolons, nevertheless the words "containing such movements" at the end of the second

provision must necessarily refer to and relate back to the lever movements mentioned in the first provision, since no other movements provided for in said paragraph 368 are covered by the trade agreement. Any other construction would render the words "containing such movements" meaningless. In other words, the first provision covers *lever movements of specified construction*, and the second provision covers clocks and other time-keeping, time-measuring, and time-indicating mechanisms, devices, or instruments *containing such specified movements*. [Italics quoted.]

The language above-quoted clearly indicates that this court considered the grammatical construction of said paragraph 368 (a), as modified, *supra*, even though as claimed by plaintiffs herein an examination of the record and briefs in the *Sticht* case may show that no argument was made based on the grammatical construction of the provision of the law here under consideration. It may be noted that the *Sticht* case was decided 14 years ago and, so far as we are informed, has never been modified or reversed. We, therefore, regard it as *stare decisis* of the issue presented here. Accordingly, we have no occasion to consider the argument advanced by defendant, based upon trade data or other extrinsic references, as aids to the construction of said paragraph 368 (a).

For the foregoing reasons, and in harmony with our decision in the *Sticht* case, *supra*, we overrule the protest in all respects and affirm the decision of the collector of customs.

Judgment will issue accordingly.