(C. D. 1755)

HENRY GREENBERG & BROS. EXPORT & IMPORT CO., INC.
*v.* UNITED STATES

United States Customs Court, Second Division

(Decided January 25, 1956)

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*Richard M. Kozinn*, trial attorney), for the defendant.
*Lamb & Lerch* (*John G. Lerch* of counsel) as *amicus curiae*.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: Certain imported merchandise, described on the consular invoice as "Roller Chains ½ x ⅛ in 100 feet rolls * * *" and "Snap on type Connecting links, ½ x ⅛," was classified by the collector of customs in paragraph 329 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 329), as modified by the General Agreement on Tariffs and Trade (82 Treas. Dec. 305, T. D. 51802), which provides in part for "Chains of iron or steel, used for the transmission of power, of not more than two-inch pitch and containing more than three parts per pitch, and parts thereof, finished or unfinished," and duty was imposed thereon at the rate of 30 per centum ad valorem.

Plaintiff limits its claim to the item of "Roller Chains," which, it insists, should be classified in said paragraph 329, as modified, which enumerates "Chain and chains of all kinds, made of iron or steel: * * * Less than five-sixteenths of one inch in diameter" and dutiable at the rate of 2 cents per pound.

The text of paragraph 329, as it appears in the Tariff Act of 1930 and as modified by the General Agreement on Tariffs and Trade, *supra*, is here set forth:

PAR. 329 [of the basic act]. Chain and chains of all kinds, made of iron or steel, not less than three-fourths of one inch in diameter, seven-eighths of 1 cent per pound; less than three-fourths and not less than three-eighths of one inch in diameter, 1⅛ cents per pound; less than three-eighths and not less than five-sixteenths of one inch in diameter, 2⅛ cents per pound; less than five-sixteenths of one inch in diameter, 4 cents per pound; chains of iron or steel, used for the transmission of power, of not more than two-inch pitch and containing more than three parts per pitch, and parts thereof, finished or unfinished, 40 per centum ad valorem; all other chains used for the transmission of power, and parts thereof,

35 per centum ad valorem; anchor or stud link chain, two inches or more in diameter, 1½ cents per pound; less than two inches in diameter, 2 cents per pound: *Provided,* That all articles manufactured wholly or in chief value of chain shall not be subject to a lower rate of duty than that imposed upon the chain of which it is made, or of which chain is the component material of chief value.

Pertinent portions of paragraph 329, as modified, *supra*—

Chain and chains of all kinds, made of iron or steel:

Not less than three-eighths of one inch in diameter_____ ½¢ per lb.

Less than three-eighths and not less than five-sixteenths of one inch in diameter_____ 1¢ per lb.

Less than five-sixteenths of one inch in diameter_____ 2¢ per lb.

Chains of iron or steel, used for the transmission of power, of not more than two-inch pitch and containing more than three parts per pitch, and parts thereof, finished or unfinished:

Valued at less than 40 cents per pound_____ 30% ad val.

Valued at 40 cents or more per pound_____ 15% ad val.

The following exhibits were received in evidence:

Plaintiff's exhibit 1—section of chain, representing the imported product.

Defendant's exhibit A—board with similar chain, illustrating the raw material and its processing into the finished material chain.

Defendant's exhibit B—board containing sections of various types of power transmission chain.

Defendant's exhibit C—sprocket and chain of same size as imported chain.

Defendant's exhibit D—board containing various types of coil chains.

The question for determination is whether the imported "Roller Chains" should be classified as chains of iron or steel, used for the transmission of power, or as chain of all kinds, less than five-sixteenths of 1 inch in diameter.

It is not disputed that the merchandise and the issues are the same in all material respects as were those presented to this court in *Henry Greenberg & Bros. Export & Import Co., Inc.* v. *United States*, 32 Cust. Ct. 121, C. D. 1592, from which decision no appeal was filed. We there held that Congress, by the express terms of paragraph 329, had distinguished between "chain," the material, and "chains," the finished article, and sustained the claim of plaintiff that the imported merchandise should be classified within the provision for "Chain and chains of all kinds, made of iron or steel: * * * Less than five-sixteenths of one inch in diameter," as provided in said paragraph 329, as modified. In reaching our conclusion in that case, we followed in part our earlier decision in *C. J. Tower & Sons* v. *United States*, 48 Treas. Dec. 220, T. D. 41118. In that case, which was decided in 1925, this court had before it for consideration the dutiable classifica-

tion of certain automobile truck tire nonskid chains, which we held were properly classifiable for duty as "chains of all kinds, made of iron or steel," according to diameter, in paragraph 329 of the Tariff Act of 1922, which, so far as pertinent here, was in substantially the same verbiage as paragraph 329 of the Tariff Act of 1930. The particular significance of that case here resides in the fact that the court was clearly of the opinion that paragraph 329 provided "not only for 'chain' in the form of material, but also for 'chains of all kinds, made of iron or steel,' thereby indicating a purpose to include in the latter provision the various articles which are commercially designated as 'chains' of different kinds, as distinguished from the mere material chain. This intent is evidenced by the fact that the proviso mentions 'articles manufactured wholly or in chief value of chain.' " There was no appeal from that decision.

Inasmuch as the Tariff Act of 1930 reenacted the language of paragraph 329 of the act of 1922 verbatim, it would seem that Congress gave legislative approval to the distinction drawn between chain and chains, as enunciated in the *Tower* case, *supra*.

Able and exhaustive briefs have been filed herein by adversary counsel and by *amicus curiae*.

Defendant seeks to have the court recede from the conclusion which it reached in the *Greenberg* case, *supra*, and hold that the present importation was properly classified by the collector as chains of iron or steel, used for the transmission of power.

In an effort to establish that classification, defendant, in its brief, sets up the following primary contentions:

(1) Chains used for the transmission of power have no diameter measurement.

(2) The evidence clearly establishes that there are many types of chains used for the transmission of power.

It is urged that inasmuch as paragraph 329 provides for "Chain and chains of all kinds" and also for "anchor or stud link chain," based upon diameter measurements, respectively, it must follow that "chains" for the transmission of power, which are qualified by the words "pitch" and "parts per pitch," have no diameter.

From this premise, defendant invites consideration of the familiar principle that a statute is to be construed so as to carry out the legislative intent and that, consequently, resort should be had to the legislative history to ascertain the true meaning of the provision in paragraph 329. However, for reasons which will appear *infra*, we do not find it necessary to explore the tariff history of paragraph 329 beyond a comparison of earlier statutes in *pari materia*. Information derived from that source, together with the judicial history of the chain and chains provisions, satisfies us that our reasoning and conclusion in the *Greenberg* case, *supra*, compel a similar result here.

By reference to earlier statutes in *pari materia*, it appears, as stated by plaintiff in its brief, that "Under four different tariff acts it [Congress] provided for such merchandise [chain or chains] in unequivocal terms requiring the assessment of specific duties, varying according to diameter, and these provisions were the only ones in those acts relating to this subject, so that there can be no question that Congress used 'diameter' in its broad sense and applicable to all classes of chain and chains."

The statutes referred to, together with related provisions in intervening acts, are as follows:

Act of 1883, paragraph 585:

Chain or chains of all kinds, made of iron or steel, not less than three-fourths of one inch in diameter, one and three-quarter cents per pound; less than * * *.

Act of 1890, paragraph 164:

Chain or chains of all kinds, made of iron or steel, not less than three-fourths of one inch in diameter * * *.

Act of 1894, paragraph 137:

Chains of all kinds, made of iron or steel, thirty per centum ad valorem.

Act of 1897, paragraph 151:

Chain or chains of all kinds, made of iron or steel, not less than three-fourths of one inch in diameter * * *.

Act of 1909, paragraph 150:

Chain or chains of all kinds, made of iron or steel, not less than three-fourths of one inch in diameter * * *.

Act of 1913, paragraph 126:

Chain or chains of all kinds, made of iron or steel, not specially provided for in this section, 20 per centum ad valorem; sprocket and machine chains, 25 per centum ad valorem.

Obviously, during the life of the tariff acts above quoted, chain and chains of all kinds, whether for the transmission of power or otherwise, were, in the acts of 1883, 1890, 1897, and 1909, subject to duty upon the basis of diameter measurement, which clearly indicates that Congress must have used the word "diameter" in a broad sense as applying to the material of which chains were made, whether round, flat, or of other shapes.

Defendant introduced the testimony of a number of witnesses in an effort to establish that chains, used in the transmission of power, have no diameter. Such statements of the witnesses, however, would be merely the expression of an opinion. It is observed that one of the definitions of the word "diameter," contained in plaintiff's brief, indicates that diameter may apply not only to round objects but also to irregular and cubical shapes. Note Webster's "New

International Dictionary of the English Language" (1953 edition, which contains the same language as that of the 1929 edition cited by plaintiff):

1. *Geom.* **a.** Any chord passing through the center of a figure or body, as a circle, conic section, sphere, cube, etc. * * * **2.** The length of a straight line through the center of an object; thickness; as the *diameter* of a tree or rock.

However that may be, we are not here, according to our conception of the issue, dealing with chains for the transmission of power, but with chain, a material for making chains. Consequently, it is regarded as of no particular significance that, as stated by some of the witnesses, chains for the transmission of power do not have a diameter measurement.

In this connection, it should be noted that in *Schneider Bros. & Co.* v. *United States*, 13 Ct. Cust. Appls. 519, T. D. 41392, the court held that Congress intended that classification for duty of the steel chains there in issue should be according to the diameter of the pieces of metal constituting the links of chain.

With respect to the testimony of witnesses for the defendant to the effect that power transmission chains are not sold by diameter measurement, it is pointed out by plaintiff in its brief that various articles of commerce, such as woolen and rayon fabrics, wearing apparel, handkerchiefs, and other articles, which are classified for duty predicated in part on a weight basis, are, nevertheless, commonly sold by the yard, the piece, or the dozen.

We find nothing in the present record which requires us to depart from our reasoning and conclusion in the former *Greenberg* case.

For the foregoing reasons, we sustain the claim of importer that the merchandise in controversy, described on the consular invoice as "Roller Chains ½ x ⅛ in 100 feet rolls * * *," is properly dutiable at 2 cents per pound as chain of all kinds, made of iron or steel, less than five-sixteenths of 1 inch in diameter, in paragraph 329, as modified, *supra.*

Judgment will be entered accordingly.