(C. D. 2032)

HENRY GREENBERG & BROS. EXPORT & IMPORT CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided October 9, 1958)

*Jordan & Klingaman (Jacob L. Klingaman* of counsel) for the plaintiff.
*George Cochran Doub,* Assistant Attorney General (*Henry J. O'Neill* and *Richard E. FitzGibbon,* trial attorneys), for the defendant.
*Lamb & Lerch (David A. Golden* of counsel) as *amicus curiae.*

Before LAWRENCE, RAO, and FORD, Judges

RAO, Judge: In this case, plaintiff seeks a retrial of an issue decided adversely to it in the case of *United States* v. *Henry Greenberg & Bros. Export & Import Co., Inc.,* 44 C. C. P. A. (Customs) 48, C. A. D. 636, hereinafter referred to as C. A. D. 636, wherein the collector's classification of certain roller chain, in 100-foot lengths, within the provisions of paragraph 329 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, and his assessment of duty at the rate of 30 per centum ad valorem were sustained.

The instant case is concerned with roller chain in 100-foot lengths, similar in all material respects to that involved in said C. A. D. 636, and therein described as follows:

The merchandise consists of 100-foot rolls of roller chain designed for use on bicycles. The chain is made up of pins, rollers, and links or side plates. The distance between adjacent pins, which is known as the pitch, is one-half inch and the chain contains more than three parts per pitch. The merchandise is clearly "for the transmission of power" within the meaning of paragraph 329. Before it is used, the chain is cut into pieces of the desired length and the ends of each piece are connected by connecting links which are supplied with the chain.

The record in the decided case serves, by incorporation, as the record herein. There, as here, claim was made for classification of the merchandise within that portion of paragraph 329, as modified, *supra*, which provides for chain and chains of all kinds, less than five-sixteenths of 1 inch in diameter, at the rate of 2 cents per pound. An alternative claim to the effect that the subject merchandise is dutiable at the rate of 22½ per centum ad valorem as manufactures of base metal, not specially provided for, in paragraph 397 of the Tariff Act of 1930, as modified by said General Agreement on Tariffs and Trade, is new.

The statutory language of paragraph 329, and the modification thereof by the General Agreement on Tariffs and Trade, reads as follows:

PAR. 329 [as originally enacted]. Chain and chains of all kinds, made of iron or steel, not less than three-fourths of one inch in diameter, seven-eighths of 1 cent per pound; less than three-fourths and not less than three-eighths of one inch in diameter, 1⅛ cents per pound; less than three-eighths and not less than five-sixteenths of one inch in diameter, 2⅛ cents per pound; less than five-sixteenths of one inch in diameter, 4 cents per pound; chains of iron or steel, used for the transmission of power, of not more than two-inch pitch and containing more than three parts per pitch, and parts thereof, finished or unfinished, 40 per centum ad valorem; all other chains used for the transmission of power, and parts thereof, 35 per centum ad valorem; anchor or stud link chain, two inches or more in diameter, 1½ cents per pound; less than two inches in diameter, 2 cents per pound: *Provided*, That all articles manufactured wholly or in chief value of chain shall not be subject to a lower rate of duty than that imposed upon the chain of which it is made, or of which chain is the component material of chief value.

[PAR. 329, as modified by T. D. 51802].

Chain and chains of all kinds, made of iron or steel:
      Not less than three-eighths of one inch in diameter_____ ½¢ per lb.
      Less than three-eighths and not less than five-sixteenths of
        one inch in diameter_____ 1¢ per lb.
      Less than five-sixteenths of one inch in diameter_____ 2¢ per lb.
Chains of iron or steel, used for the transmission of power, of not
  more than two-inch pitch and containing more than three parts
  per pitch, and parts thereof, finished or unfinished:
      Valued at less than 40 cents per pound_____ 30% ad val.
      Valued at 40 cents or more per pound_____ 15% ad val.

All other chains used for the transmission of power, and parts
thereof_____ 15% ad val.
Anchor or stud link chain:
    Two inches or more in diameter_____ ¾¢ per lb.
    Less than two inches in diameter_____ 1¢ per lb.
    [PAR. 397, as modified by T. D. 51802].
Articles or wares not specially provided for, whether partly or wholly manu-
factured:

   \*       \*       \*       \*       \*       \*       \*

     Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel,
        pewter, zinc, aluminum, or other metal (not including platinum, gold, or
        silver), but not plated with platinum, gold, or silver, or colored with
        gold lacquer:

   \*       \*       \*       \*       \*       \*       \*

        Other (except slide fasteners and parts thereof)_____ 22½% ad val.

In point of fact, this is the third trial in which the question of the
proper classification of similar roller chain, imported in 100-foot
lengths, has been raised. The issue first arose in the case of *Henry
Greenberg & Bros. Export & Import Co., Inc.* v. *United States*, 32
Cust. Ct. 121, C. D. 1592, hereinafter referred to as C. D. 1592,
from which no appeal was taken.

Predicated upon a finding that, in its imported condition, the roller
chain constituted material for making completed chains, and a con-
clusion that in the precise phraseology of the various portions of
paragraph 329, *supra*, Congress intended to distinguish between
"chain" as material and "chains" as completed articles, this court
held that the subject lengths of chain were excluded from the provi-
sion for chains for the transmission of power, and were properly duti-
able as chain or chains of all kinds, at the rate determined upon the
basis of diameter.

When the question was again presented for our consideration in the
case of *Henry Greenberg & Bros. Export & Import Co., Inc.* v. *United
States*, 36 Cust. Ct. 79, C. D. 1755, we adhered to the conclusion
reached in said C. D. 1592, upon substantially the same grounds.
The Government appealed, however, and, in C. A. D. 636, *supra*, this
court's judgment was reversed.

Essentially it was the appellate court's view that, under the well-
established principle of statutory construction which permits the
singular to include the plural, the plural to encompass the singular,
the provision for chains for the transmission of power applied as
well to lengths of chain as to completed chains. The court carefully
considered, but rejected, the suggestion that Congress in the use of
the terms "chain and chains" on the one hand and "chains" on the
other, within the confines of the same paragraph, intended thereby
to draw any distinction between the material and the finished article.

Because of its pertinence hereto, we quote at length the reasons assigned by our appellate tribunal for refusing to attach any special significance to the variations appearing in the language of the paragraph. It was observed:

Under the provision for "Chain and chains of all kinds," under which the lower court has held the merchandise to be classifiable, duty is imposed according to diameter which, as held in *Schneider Bros. & Co.* v. *United States*, 13 Ct. Cust. Appls. 519, T. D. 41392, means the diameter of the material of which the chain is made. It is by no means clear, in the case of the composite chain under consideration, what that diameter would be. The pins have one diameter and the rollers another, while it is questionable whether the flat connecting links have, properly speaking, any diameter at all. The importer's witness, Greenberg, apparently regarded the thickness of the plates from which those links were made as their diameter. It is to be noted that in the *Schneider Bros.* case the court stated that "To provide that thin sheets of paper should be dutiable according to their diameter would indicate a lack of understanding of the common meaning of that word and would require the ascertainment of something which did not exist." That language would appear to apply in a similar manner to the flat side links of the chains under consideration. The Government produced the testimony of a number of qualified witnesses, some of whose testimony was stipulated, to the effect that such chain has no diameter.

Moreover, even assuming that a bicycle chain has a diameter, it does not seem reasonable to suppose the Congress intended that the chain should be classified on a diameter basis when in hundred-foot lengths, and on the entirely distinct basis of pitch when in the form of a chain ready for use. There might be a reason for applying different rates in the two cases, but there seems to be none for applying different bases for imposing duties.

   \*       \*       \*       \*       \*       \*       \*

On the other hand, the prior acts, as well as the 1930 Act, contain indications that Congress has used the words "chain" and "chains" indiscriminately and as substantial equivalents. Thus, the 1883 and 1890 acts refer to "chain or chains of all kinds;" the 1894 act refers to "Chains of all kinds;" and the 1897, 1909, and 1913 acts return to "Chain or chains of all kinds." It seems clear that the intent was the same in each of those acts and that Congress had no idea of dropping chain as a material, as distinguished from chains as finished articles, from the act in 1894 and returning it in 1897.

Again, paragraph 329 of the 1930 Act contains, in addition to the provisions above discussed, a provision for "Anchor or stud link chain." It seems to us that if the reasoning applied by the lower court in the instant case is correct, then presumably that provision would apply only to anchor or stud link chain as a material, and complete chains of that type would be dutiable under the "Chain and chains of all kinds" provision. It seems highly improbable that Congress intended that anchor chains, if complete, and chains for the transmission of power, if incomplete, should fall into the "Chain and chains of all kinds" provision, while incomplete anchor chains and complete chains for the transmission of power would not. It is much more probable that each of the three provisions was intended to include both complete and incomplete chain.

   \*       \*       \*       \*       \*       \*       \*

It is to be noted, moreover, that the provision under which the instant merchandise was classified by the collector includes not only chains used for the trans-

mission of power but "parts thereof, finished or unfinished." Even assuming that the word "Chains" refers only to the completed articles, we are of the opinion that the merchandise here would be classifiable as parts of such chains "finished or unfinished." * * *

\* \* \* \* \* \* \*

* * * The individual links, and even the pins, rollers, and side plates of which they are made, are dedicated to use in chains for the transmission of power, and it is evident that if such links were imported individually and assembled to form chains in the United States, they would be classifiable as parts "finished or unfinished," of such chains. The fact that a number of such links are connected together prior to importation does not change their status in that respect.

Plaintiff, in the instant case, urges that the principle of statutory construction which sanctions the interchangeability of singular and plural terms has no application to the interpretation of paragraph 329, *supra*, for the following reasons:

(a) That whereas Congress ordinarily employs the plural for the designation of articles, as, for example, in the provisions preceding and following paragraph 329, it has therein purposefully and by way of contrast employed both singular and plural;

(b) that such a construction operates to render superfluous one or the other of the words Congress has intentionally used;

(c) that Congress has in paragraph 1527 (b) and (c) followed the pattern of drawing a distinction between chain as material, and chains as completed articles, and presumptively intends the same meaning to apply in the interpretation of paragraph 329; and

(d) that Congress has, with the object of subjecting to higher rates of duties articles further advanced in form, consistently distinguished between materials and finished articles.

In answer to the proposition that roller chain, being chain without diameter, could not find classification within that provision for chain and chains wherein the rate of duty depends upon diameter measurement, plaintiff advances the alternative claim under paragraph 397, *supra*.

Counsel for defendant and *amicus curiae* rely upon C. A. D. 636, *supra*, as decisive and controlling of the issue to be determined in this case. And we are of opinion that, notwithstanding the forceful arguments advanced by plaintiff, no other conclusion is possible here. While it does not appear that plaintiff, as appellee in said C. A. D. 636, presented these same contentions to the appellate court, it is clear that its decision effectively negates them. It must be remembered that the courts could find neither intelligible principle nor tangible reason for distinguishing between chain as material and chains as complete units in the language of the paragraph itself, or in any consideration of prior legislation on the subject. Neither could it spell out any congressional purpose toward requiring such a

result. On the contrary, it found that to make the distinction suggested brought about inconsistencies and anomalies that would not flow from the assumption that "Congress has used the words 'chain' and 'chains' indiscriminately and as substantial equivalents."

But more important still is the fact, as observed by our appellate court, that the portion of paragraph 329, *supra*, providing for chains for the transmission of power includes parts thereof, finished or unfinished. To what are those words addressed, if not to the components of which the finished chain is made? Lengths of chain, which need only to be detached at desired intervals and connected with links to form completed chains, are something more than material for making chains. When the chain is connected into an endless unit, or otherwise finished for ultimate use, each link is clearly a part of the chain. It does not become less a part because it is joined with others to form a succession of links. It is that succession which is destined for use in the final article, and the circumstance that the particular length required is not indicated does not alter its character.

Inasmuch as roller chain is provided for in paragraph 329, *supra*, as chains, used for the transmission of power or parts thereof, finished or unfinished, plaintiff's alternative claim for classification within the basket provisions of paragraph 397, *supra*, as articles of metal, not specially provided for, necessarily fails.

Based upon the foregoing provisions, we hold the involved roller chain to be dutiable at the rate of 30 per centum ad valorem, within the provisions of paragraph 329 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, *supra*, as "Chains of iron or steel, used for the transmission of power, of not more than two-inch pitch and containing more than three parts per pitch, and parts thereof, finished or unfinished: Valued at less than 40 cents per pound." All claims of the plaintiff are, therefore, overruled.

Judgment will be entered accordingly.