BEFORE THE SECOND DIVISION, SEPTEMBER 23, 1963

No. 68002.—Border Brokerage Co. *v.* United States, protest 61/4962 (Seattle).

FORD, Judge: The protest filed herein is directed against the classification of certain imported chains as parts of machines, not specially provided for, under the provisions of paragraph 372 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, the measurement of which chains, containing 9 or 11 links, is set forth on the invoice as 1¼ inches by 8 inches and upon which duty was assessed at the rate of 11½ per centum ad valorem.

Plaintiff does not deny that said chains are parts of machines. However, it contends that said chains are more specifically provided for under the provisions of paragraph 329 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as chain and chains of all kinds, of iron or steel, having a diameter of three-quarters of an inch or more, and, consequently, dutiable at the rate of seven-sixteenths of a cent per pound.

The pertinent portions of the statutes involved herein are as follows:

Paragraph 372 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, *supra:*

Machines, finished or unfinished, not specially provided for :

|   *   |   *   |   *   |   *   |   *   |   *   |   *   |
| --- | --- | --- | --- | --- | --- | --- |

Other (except * * *) _____ 11½% ad val.
Parts, not specially provided for, wholly or in chief value of metal or porcelain, of any article provided for in any item 372 in this part. — The rate for the article of which they are parts.

Paragraph 329 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, *supra:*

Chain and chains of all kinds, made of iron or steel (not including chains used for the transmission of power, parts thereof, or anchor or stud link chain) :
   ¾ inch or more in diameter_____ 7/16¢ per lb.

It is the contention of the defendant that said chains, not being spherical or round, are not subject to diameter measurement for tariff purposes. The position of the defendant and the concession of plaintiff that said chains are parts of machines limit the issue as to whether or not chains of the shape involved herein have a measurable diameter within the meaning of paragraph 329 of the Tariff Act of 1930, as modified, *supra.*

The record herein consists of the receipt in evidence of plaintiff's illustrative exhibit 1, a 1-inch link, stipulated to be made of iron or steel and representative of the links involved herein, except as to size, the size of the imported links being 1¼ inches. A pictorial representation of several links joined together and a list of sizes in which the merchandise comes was received in evidence as plaintiff's exhibit 2.

The question of the meaning to be attributed to the term "diameter" under the chains provision, paragraph 329, in the Tariff Acts of 1922 and 1930, is not a novel one. In the case of *Schneider Bros. & Co.* v. *United States*, 13 Ct. Cust. Appls. 519, T.D. 41392, our appellate court, in considering the classification of certain automobile skid chains, held that the phrase "in diameter" modified "iron or steel" and not "chain and chains." Accordingly, the court concluded that the automobile skid chains involved therein were dutiable under said paragraph, according to the diameter of the stock of which said chains were made.

Subsequently, there were a number of cases under the name of *Henry Greenberg & Bros. Export & Import Co., Inc.* v. *United States*, 32 Cust. Ct. 121, C.D. 1592; 36 Cust. Ct. 79, C.D. 1755 (reversed in *United States* v. *Henry Greenberg & Bros. Export & Import Co., Inc.*, 44 CCPA 48, C.A.D. 636) ; 41 Cust. Ct. 146, C.D. 2032, affirmed by 46 CCPA 108, C.A.D. 709, covering certain roller chains which were found not to have a diameter under the principle enunciated in the *Schneider Bros.* case, *supra*, that the diameter of a chain is determined by the diameter of the material of which the chain is made. The court, in these cases, held that a roller chain was properly subject to duty under the provision for chains used for the transmission of power under said paragraph 329.

We are of the opinion that this case is governed by the principle of law enunciated in the *Schneider* case, *supra*, which construed paragraph 329 of the Tariff Act of 1922. The subsequent passage of the Tariff Act of 1930, which reenacted paragraph 329 in identical language to that of the Tariff Act of 1922,

insofar as is pertinent herein, constitutes legislative ratification of judicial determination.

An examination of plaintiff's illustrative exhibit 1 reveals that the imported merchandise was cast and not made from rod or wire, the latter being the usual method for the production of chain. The record herein does not contain a scintilla of evidence as to the diameter of the material from which the imported chain was made.

Accordingly, under the principles enunciated in the *Schneider* case, *supra*, the court cannot determine what the diameter of the imported chain is for tariff purposes. We are not unmindful of the fact that *the physical measurement of even the smallest side of the chain would place that side within the three-quar-ter inch category.* However, such a measurement is not the diameter for tariff purposes, as set forth under the principles of the *Schneider* case, *supra*.

In view of the foregoing and since plaintiff has failed to overcome the presumption of correctness attaching to the classification of the collector, the protest is overruled. Judgment will be entered accordingly.