(C.D. 2740)

OXFORD INTERNATIONAL CORP. <em>v.</em> UNITED STATES

United States Customs Court, Second Division

(Decided August 1, 1966)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff. *John W. Douglas*, Assistant Attorney General (*Charles P. Deem*, trial attorney), for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The protest before the court is limited to the last item of merchandise appearing on the commercial invoice accompanying the entry, described as "10,000 pieces. 1″ x ³⁄₁₆″ CONNECTING

LINKS, Bulk pack in plain white box." At the time of its importation through the port of Philadelphia, the collector of customs classified said merchandise as parts of bicycles in paragraph 371 of the Tariff Act of 1930, and assessed duty thereon at the rate of 30 per centum ad valorem.

Whereas plaintiff in its brief contends, alternatively, that the imported articles should properly have been classified within the chain provisions of paragraph 329 of said act, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, supplemented by Presidential notification, 90 Treas. Dec. 280, T.D. 53877, and duty imposed thereon at the rate of 12½ per centum ad valorem, or as articles or wares, not specially provided for, composed wholly or in chief value of base metal, in paragraph 397 of said tariff act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and subjected to duty at the rate of 19 per centum ad valorem, reliance has been placed on the former of said claims. We set forth here the provisions of paragraph 329 of the tariff act, as modified by the Japanese protocol, *supra*—

Chains of iron or steel, used for the transmission of power, of not more than 2-inch pitch and containing more than three parts per pitch, and parts thereof, finished or unfinished, valued per pound—

| | | |
|---|---|---|
| Under 40 cents | | * * * |
| 40 cents or more | 12½% ad val. |

All other chains used for the transmission of power, and parts thereof____ 12½% ad val.

When this case was called for hearing, plaintiff presented the testimony of three witnesses, and there were received in evidence two exhibits representative of the connecting links in issue.

From the testimony of record presented by witnesses with 20, 22, and 35 years' experience in the purchase and sale of merchandise such as that at bar, the following facts may be deduced. The imported 1 inch by three-sixteenths of an inch connecting links are composed of steel and are used to connect two ends of a chain together. The chain can be of any length. The connecting links consist of four parts. The chains of which they form part are used throughout the United States on a variety of articles such as bicycles, motorcycles, various types of industrial conveyors, bakery conveyors, X-ray conveyors, and other articles, and said chains serve no other function except for the transmission of power. At the conclusion of the witnesses' testimony, counsel for the respective parties agreed that the connecting links before the court are valued at more than 40 cents per pound.

Plaintiff in its brief cites the cases of *United States* v. *Antonio Pompeo*, 43 CCPA 9, C.A.D. 602, and *Gallagher & Ascher Company*

v. *United States*, 52 CCPA 11, C.A.D. 849. In the latter of said cases, it was pointed out that "whether a given article constitutes a part of another article depends upon the nature of the so-called part and, we might add, to some degree on the function and purpose of the so-called part in its relation to the article to which it attaches or with which it is designed to serve."

We consider the testimony of record adequately refutes the action of the collector of customs in classifying the imported articles as parts of bicycles. It has been shown that the connecting links are not dedicated to use with chains for a particular vehicle or machine but are parts of chains of the kind described in paragraph 329 of the Tariff Act of 1930, as modified, *supra*, the purpose of which is to connect the two ends of a chain together. The chains to which they are joined are the means by which motivating power is transmitted in a wide variety of articles.

Rather than file a brief in this case, for which time was granted at the conclusion of the trial, defendant requested to be relieved therefrom on the ground that, after careful consideration of the record made herein and plaintiff's brief, it was satisfied that the instant merchandise should properly have been classified as claimed by plaintiff. In support of its position in this matter defendant cites the cases of *United States* v. *Ford Motor Company*, 51 CCPA 22, C.A.D. 831; *Henry Greenberg & Bros. Export & Import Co., Inc.* v. *United States*, 46 CCPA 108, C.A.D. 709; *United States* v. *Henry Greenberg & Bros. Export & Import Co., Inc.*, 44 CCPA 48, C.A.D. 636; and *Henry Greenberg & Bros. Export & Import Co., Inc.* v. *United States*, 41 Cust. Ct. 146, C.D. 2032.

The court has given due consideration to the oral and physical evidence in this case and, after reviewing the cases cited by both parties, commends the defendant for the frank and concise expression of its position which is amply supported by the facts of record and the judicial authorities referred to.

In the circumstances of the present case, the court holds that the connecting links in issue should properly have been classified as parts of steel chains, used for the transmission of power, of not more than 2-inch pitch and containing more than three parts per pitch, valued at 40 cents or more per pound, within the purview of paragraph 329 of the Tariff Act of 1930, as modified by the Japanese protocol, *supra*, and assessed with duty at the rate of 12½ per centum ad valorem. The claim in the protest to that effect is sustained. All other claims are overruled.

Judgment will be entered accordingly.