<hr/>

(C.D. 2854)

BORDER BROKERAGE CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided December 15, 1966)

*Lawrence & Tuttle* (*George R. Tuttle, Jr.*, of counsel) for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General (*Charles P. Deem* and *Alfred A. Taylor, Jr.*, trial attorneys), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The subject protests listed in the schedule attached hereto and made a part hereof, are directed against the classification of certain imported chains as parts of machines, not specially provided for, under the provisions of paragraph 372, Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108. While not denying that said chains are parts of machines, plaintiff contends that they are more specifically provided for under the provisions of paragraph 329, Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as chain and chains of all kinds, of iron or steel, having a diameter of ¾ of an inch or more.

The pertinent portions of the statutes involved herein are as follows: Paragraph 372, Tariff Act of 1930, as modified by T.D. 54108:

Machines, finished or unfinished, not specially provided for:

\*         \*         \*         \*         \*         \*         \*

Other (except \* \* \*) _____ 11½% ad val.

Parts, not specially provided for, wholly or in chief value of metal or porcelain, of any article provided for in any item 372 in this Part_____ The rate for the article of which they are parts.

Paragraph 329, Tariff Act of 1930, as modified by T.D. 52739:

Chain and chains of all kinds, made of iron or steel (not including chains used for the transmission of power, parts thereof, or anchor or stud link chain) : ¾ inch or more in diameter_____ ⁷⁄₁₆¢ per lb.

The chain involved herein is similar to that involved in *Border Brokerage Co.* v. *United States*, 51 Cust. Ct. 210, Abstract 68002, the record in which case was incorporated in the record herein by an order of this court, dated January 14, 1965.

The issue in the incorporated case was limited to whether the chains of the shape involved therein had a measurable diameter within the meaning of paragraph 329, as modified, *supra*. Defendant contended there that said chains, not being spherical or round, were not subject to diameter measurement for tariff purposes. Citing *Schneider Bros. & Co.* v. *United States*, 13 Ct. Cust. Appls 519, T.D. 41392, the court found the applicable principle of law to be that the diameter of a chain is determined by the diameter of the material of which the chain is made. The protest was overruled for the reason that the record contained no evidence as to the diameter of the material from which the imported chain was made.

Plaintiff, in the instant case, has attempted to furnish the evidence found to be nonexistent in the incorporated case, and the controversy here is concerned with whether it successfully has done so. That is, has it been shown that the subject chains are, within the meaning of paragraph 329, "¾ inch or more in diameter."

The record and an examination of an exhibit representative of the imported merchandise show that the chain links are not round but flat-sided. Consequently, defendant contends that the subject chains and the material of which the chains are cast do not have a "diameter" capable of measurement, because the links are flat and not round. The accepted meaning of "diameter," defendant argues, is the cross-sectional or line measurement of a round object.

Plaintiff, on the other hand, argues that the testimony shows the measurement of the diameter of the chain is through the center of a

cross section of the link. Also, as plaintiff contends, the "chain industry" uses a measurable diameter for the chain "even though it is in a square shape," based upon the widest portion of a cross section of the link. While plaintiff does not contend that there exists a commercial designation which differs from the common meaning of the term diameter, there has been adduced certain evidence as to the trade nomenclature of said term. Suffice it to say that such evidence is insufficient to satisfy the stringent requirements of proof necessary to establish commercial designation.

We are, therefore, presented with the narrow but dispositive issue of whether plaintiff has shown that the flat-sided cast links have a measurable diameter for purposes of classification under paragraph 329.

The common meaning of a tariff term is a matter of law and not a question of fact. *United States* v. *Florea & Co., Inc.*, 25 CCPA 292, T.D. 49396. The meaning of a tariff term is presumed to be the same as its common meaning or dictionary meaning in the absence of evidence to the contrary. In determining such common meaning, the court may accept or reject evidence of such meaning and may, as an aid, resort to dictionaries and other lexicographic sources. *United States* v. *C. J. Tower & Sons of Buffalo, N.Y.*, 48 CCPA 87, C.A.D. 770.

Resort to lexicographic authorities in the instant case for purposes of resolution is inconclusive. For while one authority defines the term "diameter" simply as the length of a straight line through the center of an object (Webster's Seventh New Collegiate Dictionary, 1963), a second would apply it "mostly to circular and spherical figures" (Funk & Wagnalls New Standard Dictionary, 1956), while a third would restrict it to "the thickness of a cylindrical or spherical body" (The Century Dictionary, 1899), and a fourth would use it in reference to "a circle, conic section, sphere, cube" (Webster's Third New International Dictionary, Unabridged, 1965).

What assistance we can find in earlier decisions would seem to indicate that the flat-sided links are not capable of the diameter measurement specified in the statute.

In *United States* v. *Henry Greenberg & Bros. Export & Import Co., Inc.*, 44 CCPA 48, C.A.D. 636, our appellate court presented with a chain made up of pins, rollers, and flat connecting links, said:

> The pins have one diameter and the rollers another, while it is questionable whether the flat connecting links have, properly speaking, any diameter at all.

The appellate court in that case specifically found no support for the conclusion in the decision below of the customs court, that "Congress must have used the word 'diameter' in a broad sense as applying

to the material of which chains were made, whether round, flat, or of other shapes."

Where the Congress, in the Tariff Act of 1930, dealt with objects of various shapes assessable by diameter measurement, it provided for like objects not subject to such measurement. For example, paragraph 1527(b) specifies:

Rope, curb, cable, and fancy patterns of chain not exceeding one-half inch in diameter, width, or thickness, * * *.

Paragraph 316(a) distinguishes between "Round iron or steel wire," measurable by diameter, and all "flat wires" measurable by thickness.

Since the Congress saw fit, in paragraph 329, to regulate the duty provided for chains solely upon diameter measurements, we would be assuming a legislative function to include other dimensional measurements within the statutory scope.

In view of the foregoing and since plaintiff has failed to overcome the presumption of correctness attaching to the collector's classification, the protests are overruled. Judgment will be entered accordingly.