(C.D. 4325)

BORDER BROKERAGE COMPANY, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided January 14, 1972)

*Glad & Tuttle* (*George R. Tuttle, Jr.*, and *Hudson F. Edwards* of counsel) for the plaintiff.

*L. Patrick Gray, III*, Assistant Attorney General (*Steven R. Sosnov, John A. Winters* and *Steven P. Florsheim*, trial attorneys), for the defendant.

Before WATSON AND MALETZ, Judges, and ROSENSTEIN, Senior Judge

ROSENSTEIN, Judge: At issue in this case is the classification of articles, imported in November 1963, invoiced in protest 67/47785, one of the two consolidated protests herein, as "Cannery Slices – Bottoms," and in protest 67/47786 as "Cannery Slices – Sides", which were assessed for duty at 16⅔ per centum ad valorem under the provision of TSUS item 207.00 for "Articles not specially provided for, of wood" and are claimed to be entitled to duty-free entry under TSUS item 666.00 as parts of agricultural implements or, alternatively, dutiable at 10 per centum ad valorem under TSUS item 240.01 as other wood veneers, not reinforced or backed.[1]

---

[1] An alternative claim under TSUS item 204.27, not referred to in the brief, is deemed abandoned and hereby dismissed.

The pertinent provisions of the Tariff Schedules of the United States read as follows:

Classified:

Schedule 2, Part 1, Subpart F.

### ARTICLES NOT SPECIALLY PROVIDED FOR, OF WOOD

Subpart F headnotes:

> 1. This subpart covers all products of wood which are not provided for elsewhere in the tariff schedules.

| | | |
|---|---|---|
| 207.00 | Articles not specially provided for, of wood _____ | 16⅔% ad val. |

Claimed:

Schedule 6, Part 4, Subpart C.

### AGRICULTURAL AND HORTICULTURAL MACHINERY; MACHINERY FOR PREPARING FOOD AND DRINK

Subpart C headnote:

> 1. The provisions of item 666.00 for "agricultural and horticultural implements not specially provided for" do not apply to any of the articles provided for in schedule 6, part 2, part 3 (subparts A through F, inclusive), part 5, or part 6, or to any of the articles specially provided for elsewhere in the tariff schedules, but interchangeable agricultural and horticultural implements are classifiable in item 666.00 even if mounted at the time of importation on a tractor provided for in part 6B of this schedule.

| | | |
|---|---|---|
| 666.00 | Machinery for soil preparation and cultivation, agricultural drills and planters, fertilizer spreaders, harvesting and threshing machinery, hay or grass mowers (except lawn mowers), farm wagons and carts, and agricultural and horticultural implements not specially provided for, and parts of any of the foregoing _____ | Free |

Schedule 2, Part 3.

### WOOD VENEERS, PLYWOOD AND OTHER WOOD-VENEER ASSEMBLIES, AND BUILDING BOARDS

Part 3 headnotes:

> 1. For the purposes of this part, the following terms have the meanings hereby assigned to them:

(a) Wood veneers: Wood sheets or strips, regardless of thickness, quality or intended use, produced by the slicing or rotary cutting of logs or flitches; and wood sheets, not over ¼ inch in thickness, produced by sawing and of a type used to overlay inferior material;

\*     \*     \*     \*     \*     \*     \*

Wood veneers, whether or not face finished, including wood veneers reinforced or backed with paper, cloth, or other flexible material: Not reinforced or backed:

\*     \*     \*     \*     \*     \*     \*

240.01        Other _____ 10% ad val.

The sole witness herein, general manager of the consignee, a box manufacturer, testified that, after importation, a cannery slice side (exhibit 2) and bottom (exhibit 3), both of which are scored so as not to break when folded, are bent, assembled and fastened together into a box (exhibit 4) which is used as a container in the fields to transport harvested berries to the cannery. The imported slices are produced by cutting long thin ribbons off a turning log with a rotary lathe knife, scoring the ribbons as the log is turning, removing and cutting them to length, then slicing them into narrower ribbons.

The parties stipulated at the trial's conclusion that (R. 25–26):

> \* \* \* the imported merchandise in the Protest 67/47785, on entry 02806, of November 29, 1963, described as 500,000 pieces of cannery slices, bottoms, and on Protest 67/47786, on entry 02629, of November 19, 1963, described as 500,000 pieces, cannery slices, sides, are designed to be combined, after importation, into the United States, into containers, which are designed for and chiefly used in the harvesting of fruits or vegetables, and further;
>
> That said merchandise consists of wood strips produced by the rotary cutting of logs into the thickness of said merchandise, scoring and cutting to size.

### Item 666.00

We shall first consider plaintiff's claim for classification as parts of agricultural implements under item 666.00, a provision which is inapplicable to articles specially provided for elsewhere in the tariff schedules. Subpart C headnote 1 of Schedule 6, Part 4, *supra.*

It is not disputed that containers used for harvesting fruits and vegetables are agricultural implements within the meaning of that term as used in the tariff statutes, *C. J. Tower & Sons* v. *United States*, 32 Cust. Ct. 54, C.D. 1579 (1954); and that, on the record herein, if the wood cannery slice bottoms and sides at bar were imported *together*, that is, as complete containers, assembled or unassembled, they would come within the common meaning of that term.

However, neither is it disputed that such containers were formerly classified and assessed for duty at 16⅔ per centum ad valorem under

TSUS item 204.30 [2] and are now allowed duty-free entry under the provision for "Containers designed for use in the harvesting of fruits and vegetables" in item 204.27, which was added to the tariff schedules by the Tariff Schedules Technical Amendments Act of 1965 (Public Law 89–241 § 10). Thus, harvesting containers, which are specially provided for, are (apart from the question of relative specificity) excluded from classification as agricultural implements under item 666.00 by virtue of that provision's controlling headnote.

Parts of such containers, however, may not be similarly treated as item 204.27 has no provision for "parts". This brings us to the heart of the issue – whether parts of an article expressly excluded from classification under item 666.00 are nonetheless classifiable thereunder as parts of agricultural implements.

That question was raised in *C. S. Emery & Company, W. A. Gleeson v. United States*, 57 Cust. Ct. 217, C.D. 2767 (1966), involving wooden snaths, which are handles for scythes, assessed as tool handles of wood under item 206.54 and claimed to be dutiable as parts of agricultural implements under item 666.00. Noting that "scythes" are dutiable under item 648.69, the court rejected this claim, holding (page 222) :

> Item 666.00 provides for "agricultural and horticultural implements not specially provided for" and "parts of any of the foregoing." But by express provision of the headnote, and not just by relative specificity, certain farm articles provided for elsewhere (including scythes) are excluded from item 666.00. Parts of such expressly excluded articles are not "parts of any of the foregoing." Therefore, item 666.00 does not cover snaths which are parts of scythes, expressly excluded articles.

We are in accord with the holding in *Emery* that parts of expressly excluded articles are not "parts of any of the foregoing" articles provided for in item 666.00. If Congress saw fit to accord a duty-free status to harvesting containers but not to their parts, it is not the function of this court, in construing the relevant provision, to include that which was expressly excluded. *Armbee Corporation, W. J. Byrnes & Co., Inc. v. United States*, 60 Cust. Ct. 105, C.D. 3278, 279 F. Supp. 438 (1968). Accordingly, this claim is overruled.

## Item 240.01

In asserting its alternative claim for classification as other wood veneers plaintiff argues that the articles, which were stipulated to

---

[2] Item 204.30 provides as follows :

> Complete packing boxes, cases, and crates, and other containers and holders chiefly used for packing, transporting, or marketing merchandise, all the foregoing (except baskets and coopers products) of wood, whether wholly or partly assembled or not assembled :
> \*     \*     \*     \*     \*     \*     \*

204.30         Other _____ 16⅔% ad val.

be wood strips produced by the rotary cutting of a log, scored and cut to size, come within the definition of wood veneers in Part 3 headnote 1(a) of Schedule 2:

> (a) <u>Wood veneers</u>: Wood sheets or strips, regardless of thickness, quality or intended use, produced by the slicing or rotary cutting of logs or flitches; and wood sheets, not over ¼ inch in thickness, produced by sawing and of a type used to overlay inferior material;

and that item 240.01 is more specific than the basket provision of item 207.00 for "Articles not specially provided for, of wood."

Defendant urges that the merchandise, which is dedicated to a particular use as a result of having been cut to size and scored, is advanced beyond the stage of wood veneers and, therefore, was properly classified as articles of wood.

We agree with defendant. The cannery slice bottoms and sides herein, by reason of the aforementioned processing have been adapted and appropriated to one specific use, the making of harvesting containers, and are useful for no other purpose. Therefore, they are no longer merely wood veneer, as provided for in item 204.01, that is, material suitable for the manufacture of different things and not yet dedicated to the manufacture of a particular article.[3]

Where an article has been so far advanced in manufacture as to be dedicated to a specific use, and to have no other use or ultimate intendment, it is to be regarded, for tariff purposes, as the article it is intended to be when completed. Particularly is this so in the case of articles which, in their finished condition, are destined for use as parts. *Waltham Watch Co. v. United States*, 25 CCPA 330, T.D. 49425 (1938); *United States v. Schenkers, Inc.*, 17 Ct. Cust. Appls. 231, T.D. 43669 (1929); *United States v. Lyon & Healy*, 4 Ct. Cust. Appls. 438, T.D. 33873 (1913); *United States v. Riga*, 171 Fed. 783 (1909); *Geo. S. Bush & Co., Inc. v. United States*, 32 Cust. Ct. 316, C.D. 1620 (1954). See also *United States v. F. B. Vandegrift & Co., Inc.*, 44 CCPA 15, C.A.D. 628 (1956); *United States v. O.S. Emery & Co.*, 18 CCPA 208, T.D. 44399 (1930); *J. E. Bernard & Co., Inc. v. United States*, 62 Cust. Ct. 615, C.D. 3834, 305 F. Supp. 931 (1969).

As the articles at bar have been advanced beyond the wood veneer stage and are, in fact, parts of harvesting containers, plaintiff's claim under item 240.01 must fall, and their classification under item 207.00 as articles not specially provided for, of wood, be sustained.

---

[3] See for example, the merchandise held to be mere material in *American Import Co. v. United States*, 26 CCPA 72, T.D. 49612 (1938); *The Harding Co. et al. v. United States*, 23 CCPA 250, T.D. 48109 (1936); *United States v. The Harding Co.*, 21 CCPA 307, T.D. 46830 (1933); *United States v. American Bead Co. et al.*, 9 Ct. Cust. Appls. 27, T.D. 37873 (1918); *F. H. Paul & Stein Bros., Inc. v. United States*, 44 Cust. Ct. 130, C.D. 2166 (1960).

It is true, as plaintiff points out, that our holding requires parts of harvesting containers to be assessed with duty while the complete containers are accorded duty-free status.

If this result frustrates the legislative intent (although it is not shown that Congress intended otherwise) the remedy lies with that body. This court may not supply by judicial fiat what was omitted from a statutory provision in order to effectuate the Congressional purpose. *United States* v. *Stone & Downer Company*, 274 U.S. 225 (1927).

The claims under items 240.01 and 666.00 are overruled; the claim under item 204.27 is dismissed. Judgment will issue accordingly.