The ACME SHEAR CO., Appellant,

v.

The UNITED STATES, Appellee.

Customs Appeal No. 75–15.

United States Court of Customs and Patent Appeals.

Nov. 6, 1975.

---

Tompkins & Davidson, New York City, attorneys of record, for appellant. Herbert T. Posner, Allan H. Kamnitz, New York City, of counsel.

Rex E. Lee, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Carol A. Calhoun, New York City, for the U. S.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

BALDWIN, Judge.

This is an appeal from the judgment of the Customs Court, 73 Cust.Ct. 168, C.D. 4569 (1974), granting appellee's motion for summary judgment, thereby dismissing appellant's protest against the classification of certain nonmalleable cast-iron articles. Appellant claims the proper classification of the merchandise to be under TSUS item 657.09 as articles of iron or steel, not coated or plated with precious metal. The Customs Court held the merchandise was correctly classified under TSUS item 650.89 as blades of scissors and shears. We affirm.

## Statutes

General Headnotes and Rules of Interpretation:

10. *General Interpretative Rules.* For the purposes of these schedules—

\* \* \* \* \* \*

(c) an imported article which is described in two or more provisions of the schedules is classifiable in the provision which most specifically describes it; \* \* \*

\* \* \* \* \* \*

(h) unless the context requires otherwise, a tariff description for an article covers such article, whether assembled or not assembled, and whether finished or not finished;

Schedule 6, Part 3, Subpart E, TSUS

Scissors and shears (except machines and except shears provided for in any of the foregoing provisions), and blades therefore:

\* \* \* \* \* \*

650.89 [as modified by Presidential Proclamation 3822 (T.D. 68–9)]

Valued over 50 cents but not over $1.75 per dozen ........4.5¢ ea. + 13% ad val.

Schedule 6, Part 3, Subpart G, TSUS headnote:

This subpart covers only articles of metal which are not specifically provided for elsewhere in the tariff schedules.

\* \* \* \* \* \*

Articles of iron or steel, not coated or plated with precious metal:

Cast-iron articles, not alloyed:

657.09 Not malleable ............. 0.5% ad val.

## The Merchandise

The imported merchandise consists of nonmalleable cast-iron articles not alloyed and not coated or plated with precious metal. Neither party disputes the fact that the imported goods are unfinished shear blade castings which have not been processed beyond the casting stage except for cleaning an excess of metal remaining after molten metal is poured into the mold for the purpose of creating the casting.

## Opinion

There is no doubt that the imported goods are unfinished shear blades which are imported and finished by appellant by machining, drilling and other metal removing operations. The finished blades are assembled as scissors or shears which are then sold to the consuming public. There is substantial evidence

that the imported merchandise, although unfinished, is so advanced in manufacture as to clearly be incapable of being made into more than one article. In *American Import Co. v. United States*, 26 CCPA 72, 74 T.D. 49612 (1938), the tariff meaning of "unfinished" was stated as follows:

It has long been the generally accepted rule that a thing may be classified for tariff duty purposes under the *eo nomine* provision for the article unfinished if that thing has been so far processed towards its ultimate completed form as to be dedicated to the making of that article or that class of articles alone.

Thus, it would appear at first blush that the "dedication to a single use" doctrine[1] as enunciated in *B. A. McKenzie & Co. v. United States*, 3 Cust.Ct. 72, 75, C.D. 206 (1939) is applicable, resulting in the imported merchandise being classified under TSUS item 650.89. However, appellant cites a number of prior decisions of this court, notably, *United States v. Singer Manufacturing Co.*, 37 CCPA 104, C.A.D. 427 (1950), for support of the proposition that the imported castings are to be classified as cast-iron articles under TSUS item 657.09.

As the Customs Court correctly pointed out, the *Singer* case was founded upon paragraph 327 of the Tariff Act of 1930.[2] The issue decided in the *Singer* case was whether rough, unmachined castings of iron with nothing done to them after the foundry work except taking the sand off the castings and removing burrs, are, for tariff purposes, parts of machines, not specifically provided for, or castings of iron which have been advanced in condition by processes or operations subsequent to the casting process but not made up into articles, or parts thereof. Thus, the *Singer* case dealt with a statutory provision which had specific language that embraced castings of iron in a defined condition, i. e., "advanced in condition * * * subsequent to the casting process but not made up into articles, or parts thereof, or finished machine parts." It seems obvious to us that language which lent specific support to the inclusion of unfinished machine parts can hardly be considered as controlling the interpretation of the completely new and entirely dissimilar tariff language for cast-iron articles.

A final comment about the effect of the *Singer* case involves comparison between item 657.09 and paragraph 327 of the Tariff Act of 1930. First and foremost, the language was changed from "castings" to "cast-iron articles", and as we previously pointed out nothing remains regarding the degree of advancement or attainment of the status of a finished part. Second, specific provisions

1. The comments of the Customs Court in *Border Brokerage Co. v. United States*, 68 Cust.Ct. 7, 11, C.D. 4325 (1972) lucidly set out the "doctrine":

Where an article has been so far advanced in manufacture as to be dedicated to a specific use, and to have no other use or ultimate intendment, it is to be regarded, for tariff purposes, as the article it is intended to be when completed. Particularly is this so in the case of articles which, in their finished condition are destined for use as parts. *Waltham Watch Co. v. United States*, 25 CCPA 330, T.D. 49425 (1938); *United States v. Schenkers, Inc.*, 17 Ct.Cust.Appls. 231, T.D. 43669 (1929); *United States v. Lyon & Healy*, 4 Ct.Cust.Appls. 438, T.D. 33873 (1913); *United States v. Riga* [C.C.], 171 Fed. 783 (1909); *Geo. S. Bush & Co., Inc. v. United States*, 32 Cust.Ct. 316, C.D. 1620 (1954). See also *United States v. F. B.*

*Vandegrift & Co., Inc.*, 44 CCPA 15, C.A.D. 628 (1956); *United States v. C. S. Emery & Co.*, 18 CCPA 208, T.D. 44399 (1930); *J. E. Bernard & Co., Inc. v. United States*, 62 Cust.Ct. 615, C.D. 3834, 305 F.Supp. 931 (1969).

2. Paragraph 327 of the Tariff Act of 1930 (19 U.S.C. § 1001, Par. 327) is, in part, as follows:

[As modified by the trade agreement with Canada, T.D. 49752] Cast-iron andirons, plates, stove plates, sadirons, tailors' irons, hatters' irons, but not including electric irons, and castings and vessels wholly of cast iron, including all castings of iron or cast-iron plates which have been chiseled, drilled, machined, or otherwise advanced in condition by processes or operations subsequent to the casting process but not made up into articles, or parts thereof, or finished machine parts. 10% ad val.

such as TSUS items 660.50, 661.92, 662.-18, 674.51 and 692.24 were established to deal with certain specific unfinished cast-iron parts, a circumstance which is inconsistent with the proposition that item 657.09 for cast-iron articles was intended to have the same scope as paragraph 327 of the Tariff Act of 1930. We therefore conclude that the "dedication to a single use" doctrine is applicable to the facts before us and thus the goods were properly classified under TSUS item 650.89.

Moreover, we conclude that as between item 657.09 and item 650.89, the latter provision for unfinished shear blades is clearly more specific. A decision to classify the imported merchandise under item 650.89 is in conformity with General Interpretative Rule 10(c), which requires that when an imported article is described in two or more provisions it is classifiable in the provision which most specifically describes it. Such a result is further in conformity with General Interpretative Rule 10(h), which provides that unless the context requires otherwise, a tariff description covers articles whether finished or unfinished.

*Affirmed.*